**Corwin Karr STOEHR, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 785S284PS.

Supreme Court of Indiana.

May 7, 1987.

Corwin Karr Stoehr, pro se.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Corwin Karr Stoehr was charged with Murder. The Prosecutor requested the death penalty. Subsequently, problems involving the availability of State's witnesses contributed to the State and Petitioner entering into a written plea agreement. On April 25, 1983, Petitioner withdrew his plea of not guilty and entered a plea of guilty to murder. The Court accepted the guilty plea and sentenced Petitioner to thirty-five (35) years imprisonment. On October 24, 1984, Petitioner filed his Petition for Post-Conviction Relief, which was denied. Petitioner directly filed a *pro se* appeal with this Court raising the following two issues: (1) did the post-conviction court err by holding Petitioner's guilty plea was knowingly, intelligently, and voluntarily made?, and (2) did the post-conviction court err by holding Petitioner's claim was barred by laches?

I

■ Petitioner asserts his guilty plea was not knowingly, intelligently and voluntarily made. He claims the post-conviction court erred by denying his petition because the trial court failed to advise him of two specific rights set out in Ind. Code § 35-4.-1-1-3 (Repealed by Acts 1981, P.L. 298,

§ 9(a)), (see now Ind. Code § 35-35-1-2). Petitioner's argument for reversal is based on the former requirement of strict compliance with the code language. *German v. State* (1981), Ind., 428 N.E.2d 234, 236. However, the present standard of review on guilty pleas requires more than an allegation of a code violation. We now require a showing of prejudice by Petitioner. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. *White* articulates the new method of inquiry for assessing a collateral attack on a guilty plea:

> To decide a claim that a plea was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record.

> A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35-35-1-2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-1-2(a) rendered his decision involuntary or unintelligent.

*White,* 497 N.E.2d at 905.

■ Petitioner claims that the trial judge failed to advise him of the possibility of an increased and consecutive sentence by reason of prior convictions and of his right to a public and speedy trial by jury. Actually, Appellant could not receive a consecutive sentence for a single conviction. Further, he received a term five years less than the presumptive sentence. Additionally, Petitioner was clearly informed of his rights. The record shows the following Findings of Fact, made by the post-conviction court, to be supported by Petitioner's written guilty plea and by the transcript of the guilty plea hearing:

> 3. Contained in the written guilty plea further is the Defendant's acknowledgement that "there is a possibility of

an increase in sentence if I have any prior criminal convictions."

\* \* \* \* \* \*

5. Also contained in the written plea were statements showing the Defendant understood that he had a Right to a public and speedy trial by jury....

Thus, Petitioner's claim fails as the trial judge properly determined that Petitioner was aware of his rights.

Petitioner alleges only a violation of Ind. Code § 35–4.1–1–3 (now § 35–35–1–2). He does not claim his decision to plead guilty would have been different had the Judge more fully advised him. He does not claim any other circumstances which might call into question his repeated assertions to the judge who took his plea that he was guilty and that he had decided, voluntarily, that it was in his best interests to plead guilty. Petitioner does not claim he was unaware of his right to trial or the possibility of an increased sentence. He does not allege any specific facts which would suggest that his decision was the result of coercion or being misled. The transcript of his guilty plea contains extensive inquiry by the trial judge about the voluntariness of his plea. Thus, this claim is an inadequate basis for vacating his conviction.

## II

 Petitioner also maintains the post-conviction court erred in finding that he was guilty of laches in bringing the appeal eighteen months after his sentencing, due to his knowledge of the State's witness difficulties. In view of our holding in Issue I, finding Petitioner's guilty plea was knowingly, intelligently and voluntarily made, the question regarding the finding of laches is moot. Since the post-conviction court found that Petitioner presented nothing meriting reversal of the denial of relief, whether he was also guilty of laches is of no legal consequence.

There is some merit to the finding that Petitioner was guilty of laches, which would prejudice the State in retrying Petitioner on the murder charge. All parties and the court understood at the time the plea bargain was entered into that the State was encountering difficulty in bring-ing key witnesses to testify at trial. Several key witnesses were relocating, and bringing them to trial would cause the State much difficulty and expense. The State therefore was willing to plea bargain with Petitioner. Petitioner entered a guilty plea and the State recommended a thirty-five (35) year sentence, which was five (5) years under the presumptive term. The circumstances were discussed with Petitioner by the judge in open court. In determining Petitioner was guilty of laches, the post-conviction judge found that Petitioner was represented at trial by two competent criminal defense lawyers, and that Petitioner fully understood the circumstances in entering his guilty plea. The post-conviction judge found that after eighteen (18) months the State would be faced with the difficulty of finding the distant witnesses and presenting them for a new trial. The court thus found that Petitioner was aware of the State's difficulties and aggravated the situation by waiting eighteen months to correct the alleged error of the court.

However, we need not resolve this issue. Even if we find Petitioner had timely brought the appeal and is not guilty of laches, he presents no issue on the merits justifying reversal. We therefore affirm the post-conviction court.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.