Michael J. HORTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S356.

Supreme Court of Indiana.

July 28, 1987.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition.

On April 27, 1979, appellant entered a plea of guilty to the charges of Confinement, a Class D felony, and Rape, a Class A felony. It was stated in the plea agreement that appellant was to receive two (2) years on the confinement charge and thirty (30) years on the rape charge, the sentences to be served concurrently.

On October 26, 1983, petitioner filed his petition for post-conviction relief. The State filed an answer which, among other things, invokes the affirmative defense of laches. After first finding that the allegations in the petition had no merit, the trial judge sustained the State's affirmative defense of laches.

Appellant claims the trial court erred in denying his petition for post-conviction relief on the basis of laches. Appellant cites *Twyman v. State* (1984), Ind., 459 N.E.2d 705 for the proposition that when the State asserts the defense of laches it must establish three separate elements: (1) inexcusable delay in asserting one's rights; (2) implied waiver arising from knowing acquiescence in existing conditions; and (3) circumstances causing prejudice to the defending party. *Id.* at 712. It is appellant's position that none of these three elements exists in this case.

He takes the position that he filed a motion for his transcript within three weeks after his sentencing, that he elicited the aid of a fellow prisoner in the reformatory, Freddie McDow, to help him prepare his post-conviction relief petition. However, he states that one (1) year later, McDow was paroled and that he then attempted to elicit the aid of the Public Defender's Office. He thus claims that the delays incurred in filing his petition are not chargeable to him.

Although he can hardly be charged with any delay which occurred following his contacting of the Public Defender's Office, we hold he is chargeable with the delay which occurred after his receipt of the transcript and prior to his contacting the Public Defender. It is well-known to the prisoners of our penal institutions that the Public Defender is available to them if they do not have the funds to employ counsel of their own choosing.

When a prisoner undertakes to represent himself with the aid of other inmates, he does so at his own peril if undue delay is the result. Any delay so incurred must be deemed by this Court to be inexcusable and also must be considered as appellant's knowing acquiescence of existing conditions.

We further hold the trial court was correct in finding that the circumstances of

the delay caused prejudice to the State of Indiana. The State presented evidence that they had attempted to locate the victim of the rape but were unsuccessful. They further submitted that she had moved from the state and that her whereabouts were otherwise unknown. The State further submitted evidence that appellant had made an oral confession to Indianapolis Police Detective Orhberg, but that Officer Orhberg was now deceased.

Indianapolis Police Officer Lance Schnider testified that, at the time he arrested appellant, appellant was on top of the victim with his pants down and that the victim's slacks were also pulled down but that he did not see appellant's penis. It is thus apparent from Detective Schnider's testimony that he would not be able to establish penetration, a necessary element in the crime of rape. Also it is apparent that because of the absence of the prosecuting witness, the absence of proof of appellant's oral confession and the absence of Detective Schnider's ability to testify as to penetration, the State would not be able to successfully prosecute appellant upon retrial.

We therefore hold that the State sustained its burden in establishing laches and that the trial court did not err in so holding.

Notwithstanding the successful invocation of laches, an examination of this record indicates that appellant also fails on the merits of his allegations. He claims his plea of guilty was not knowingly, intelligently and voluntarily entered because the trial court did not advise him as required by Ind.Code § 35-4.1-1-3.

At the time appellant entered his plea (April 27, 1979), the trial courts were operating under the statutory interpretation set out in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714, which held that the entire record could be searched to determine whether or not appellant in fact understood his rights under the statute. After appellant had been sentenced, this Court handed down *German v. State* (1981), Ind., 428 N.E.2d 234, which overruled *Neeley* in that respect, and held that all requirements of the statute must be specifically stated by the trial judge upon the acceptance of the plea of guilty.

In his brief, appellant claims the application of *German* should be retroactive, thus applying to his plea of guilty. However, this Court in *Williams v. State* (1984), Ind., 468 N.E.2d 1036, ruled that *German* should apply prospectively only and thus should be applied only to those pleas of guilty entered after December 31, 1981. Appellant's argument further fails for the additional reason that subsequent to both *German* and *Williams*, this Court decided *White v. State* (1986), Ind., 497 N.E.2d 893, which overruled *German*.

When one examines the entire record in this case, including the plea agreement which appellant admitted in open court he read, had explained to him, understood and signed, he clearly understood that he was entitled to a public trial by jury and that he was receiving a two (2) year sentence for confinement, a thirty (30) year sentence for rape and that those sentences were to be served concurrently. Under such circumstances, the trial judge had absolutely no discretion in the sentence to be imposed if he approved the plea agreement. *See State ex rel. Goldsmith v. Marion County Superior Court, Criminal Division No. 1* (1981), Ind., 419 N.E.2d 109.

Appellant makes no showing that he did not understand his right to a public trial or that the omission of advisement by the court as to the maximum and minimum sentences in any way altered his decision to plead guilty. *Romine v. State* (1982), Ind., 431 N.E.2d 780.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.