Michael A. GOFF, Appellant,

v.

STATE of Indiana, Appellee.

No. 30S00–8606–PC–590.

Supreme Court of Indiana.

Dec. 9, 1987.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a petition for post-conviction relief. Appellant was originally charged with First Degree Murder. Appellant waived a jury trial and on January 20, 1975, the State presented its evidence against appellant. On January 21, 1975, appellant, by counsel, moved to withdraw his plea of not guilty and entered a plea of guilty to Second Degree Murder with the understanding that the State would make a recommendation of life imprisonment. Appellant was subsequently sentenced to life imprisonment.

Appellant claims his plea of guilty was not entered intelligently and voluntarily because he did not understand the possible sentence he could receive. Appellant takes the position that the law set forth in *German v. State* (1981), Ind., 428 N.E.2d 234 and the cases that followed *German* should apply in this case and that post-conviction relief should be granted because the record does not affirmatively show that he was fully informed of all consequences by the trial court at the time he entered his plea of guilty.

Appellant takes the position that "an entirely new standard for the review of guilty pleas was pronounced in *White v. State* (1986), Ind., 497 N.E.2d 893." Appellant is in error in this regard. *White* overruled *German* and its progeny but did not establish an entirely new standard for review. The basic effect of *White* was to restore the method of determining the voluntariness of a plea to the standards used prior to *German*.

At the time appellant was sentenced in 1975, the procedure was to examine the record in its entirety to determine whether a plea had been entered knowingly and voluntarily. Thus, in the case at bar, we will look to the entire record to determine whether or not the post-conviction court erred in denying appellant relief under his petition. *Crocker v. State* (1985), Ind., 475 N.E.2d 686.

Although petitioner testified at his post-conviction relief hearing that he believed he would get a fifteen (15) to twenty-five (25) year sentence rather than a life sentence, the record does not bear him out. At the guilty plea hearing, the trial court conducted an exhaustive examination of appellant in which it was clearly established that appellant was freely entering his plea of guilty knowing that he was in fact guilty of the crime charged and that he understood that the State was going to make a recommendation of a life sentence.

The trial court did advise appellant that the court could enter either the fifteen (15) to twenty-five (25) year sentence or the life sentence but asked appellant if he understood that it was entirely within the prerogative of the trial court to render either of such sentences. Appellant clearly indicated he understood this to be the case.

Throughout the entire hearing there is absolutely no mention by either appellant or his counsel that a fifteen (15) to twenty-five (25) year sentence was expected. In spite of appellant's testimony to that effect at the post-conviction relief hearing, C. Thomas Cone, who had represented appellant during his plea of guilty, testified at the post-conviction hearing that he made no such representation to appellant.

We find nothing in this record to support appellant's position. In fact, the record affirmatively establishes that appellant entered his plea of guilty knowing full well that a life imprisonment sentence could be imposed. When the trial court asked, "Why are you pleading guilty?" Appellant replied, "Because I believe it is in my best interest in not further delaying the court or money or prosecution by the State."

Appellant's father testified at the post-conviction hearing that he counseled with Mr. Cone and his son prior to the plea and that he and his son both understood that he was to get a fifteen (15) to twenty-five (25) year sentence. The testimony of appellant and his father directly conflicted with the testimony of Mr. Cone and is not supported by the record of the guilty plea hearing. It was within the province of the post-conviction court to weigh this conflicting evidence. We will not invade that province. *Walker v. State* (1978), 267 Ind. 649, 372 N.E.2d 739; *Dixon v. State* (1984), Ind., 470 N.E.2d 728.

■ Appellant claims his plea was not entered intelligently and voluntarily because he did not understand the nature of the charges and because there was no proper factual basis for his guilty plea. This claim by appellant is completely rebutted by the transcript of the evidence and the plea of guilty. The extensive questioning by the trial judge clearly established that appellant understood he was charged with first degree murder. He freely admitted that he shot a security guard and that he did so deliberately. His answers to the questioning clearly indicated that he understood the penalty for first degree murder and the penalty for second degree murder and that he felt it was to his best interest to enter a plea of guilty to second degree murder. The post-conviction court did not err in finding that appellant was fully advised as to the nature of the charges and the consequences of his guilty plea.

■ Appellant claims his life imprisonment sentence is erroneous because no reasons were stated by the trial court for imposing the maximum sentence. Appellant now seeks to have the court apply the standards set out in Ind.Code § 35–38–1–3, which require a court to specifically set out the reasons for an enhanced sentence. However, that statute was passed after appellant was sentenced in the case at bar.

■ At the time appellant was sentenced, the legislature had left the discretion with the trial court as to whether or not a person found guilty of second degree murder would be sentenced to fifteen (15) to twenty-five (25) years or to life imprisonment. There was nothing set forth in the statute requiring the court to specifically state its reasons therefor. It was presumed that the trial court would exercise its discretion based upon the facts of the case. In the case at bar, the wanton killing of a security guard who was attempting to effect an arrest following a shop lifting episode thoroughly justified the trial court in imposing the maximum sentence.

[6] Appellant claims that the imposition of a life sentence under the second degree murder statute violates due process and constitutes cruel and unusual punishment due to the absence of any statutory guideline or criteria to aid the sentencing court in its determination of which penalty to impose. Appellant cites no authority for this position nor are we persuaded by his argument. We see no lack of due process in permitting the trial court to exercise its discretion based upon the facts of the individual case. In the case at bar, the record supports the trial court's decision to impose the maximum penalty.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.