Charles E. FISHER, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 82S00–8607–PC–688.

Supreme Court of Indiana.

Feb. 23, 1988.

Susan K. Carpenter, Public Defender, Kathryn L. Kelley, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Charles Fisher was charged with first degree murder and he entered a plea of not guilty. He later withdrew his plea of not guilty and pleaded guilty to a reduced charge of second degree murder. The court accepted the guilty plea and sentenced Fisher to life imprisonment in accordance with the State's recommendation. Fisher filed a *pro se* Petition for Post–Conviction Relief, which he later amended to allege that his plea of guilty was not entered knowingly, intelligently, and voluntarily. Subsequently, the State filed an amended Answer to raise the affirmative defense of laches. The court conducted a hearing on the amended petition and afterwards instructed the parties to file briefs and findings of fact and conclusions of law, which Fisher did. Later, outside the presence of Fisher and his counsel, the State moved to reconvene the hearing in order to introduce evidence of laches. The court granted the motion. Fisher filed a motion in opposition to the second hearing, which was denied. After the second hearing was held, the court denied Fisher's amended petition. Fisher appeals directly to this court raising four issues challenging the post-conviction court's findings of laches and that his guilty plea was knowingly, intelligently and voluntarily given. Because of our affirmation of the post-conviction court's determination that Fisher's guilty plea was given knowingly, intelligently and voluntarily, it is unnecessary to reach the laches issues.

Fisher contends the court erred in denying his post-conviction petition in that his plea of guilty was not entered knowingly, intelligently, and voluntarily due to the court's failure to advise him in compliance with Ind.Code § 35–4.1–1–3 prior to acceptance of his plea. Fisher contends the court's failure to insure his plea was entered with a full understanding of all of the consequences also constitutes a denial of due process as guaranteed by Article I, § 12 of the Indiana Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

The present standard of review on guilty pleas requires more than an allegation of a code violation. We now require a showing of prejudice by the petitioner. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. "A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent. Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." *White*, 497 N.E.2d at 905.

Fisher invites this court to re-examine its standard espoused in *White v. State* (1986), Ind., 497 N.E.2d 893, believing it to be inconsistent with the development of the case law in this area. This we will not do.

Fisher maintains that the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 were not met in that he was not specifically advised (1) that by pleading guilty, he was waiving his constitutional rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses and to require the State to prove his guilt beyond a reasonable doubt at a trial in which he could not be compelled to testify against himself; (2) of the range of penalties to which he was subject; (3) that the court was not a party to any plea agreement and not bound thereby.

Here the record reveals that during the guilty plea hearing, the trial court specifically inquired whether Fisher understood that if he did not enter a guilty plea he would be entitled to a trial by jury, have

the right to cross-examine the State's witnesses, to subpoena witnesses, that he is presumed innocent until the State proves his guilt by evidence beyond a reasonable doubt, that he could not be compelled to testify against himself, and further that the sentence being recommended is life imprisonment. To each of the court's inquiries, Fisher replied he understood. While Fisher was not orally informed that the court was not a party to any agreement between the parties and not bound thereby, he signed a statement in which he acknowledged that he understood the role of the trial court in accepting a guilty plea. Also while the trial court did not specifically advise Fisher of the range of penalties to which he was subject, Fisher does not currently claim that if he had been so advised, he would have changed his decision. Further, Fisher does not allege any specific facts which would suggest that his decision to plead guilty was the result of coercion or misinformation. Consequently, the post-conviction court did not err by denying the petition.

Fisher also challenges the post-conviction court's finding that he was guilty of laches. In view of our holding in Issue I, finding Fisher's guilty plea was knowingly, intelligently and voluntarily made, the questions regarding the finding of laches is moot. Since the post-conviction court found that Fisher presented nothing meriting reversal of the denial of relief, whether he was also guilty of laches is of no legal consequence. *See Stoehr v. State* (1987), Ind., 506 N.E.2d 1103, 1105. Even had Fisher presented evidence meriting reversal of the denial of relief, there is evidence supporting the finding that Fisher was guilty of laches. Fisher also contends that the court erred in granting the State's motion to re-open the evidence on the laches issue when the deputy prosecutor alleged that at the time of the first hearing he was unaware of the ruling in *Twyman v. State* (1984), Ind., 459 N.E.2d 705, and consequently, he did not present evidence to support the laches defense. The deputy prosecutor did not knowingly or intentionally disregard the requirements to prove laches at the first hearing on the petition for post-conviction relief. Further, the post-conviction court had not yet made a finding on the laches issue when the State's request for a second hearing was presented. The trial court did not abuse its discretion by conducting a second hearing for the introduction of additional evidence. However, these issues are moot for even if we find Fisher had timely brought the appeal and is not guilty of laches, he presents no issue on the merits justifying reversal.

The post-conviction court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.