**Leonard C. KIRK, Jr., Petitioner,**

v.

**Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.**

Civ. No. S 89–280.

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 12, 1989.

Leonard C. Kirk, pro se.

John M. White, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On June 21, 1989, *pro se* petitioner, Leonard C. Kirk, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by respondents on August 14, 1989, demonstrates the necessary compliance with the mandates of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). The state court record, in a limited version, was filed on August 14, 1989 and has been examined pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). This court has also examined the ten-page Traverse filed by the petitioner on September 15, 1989, which is quite lawyerlike in its form and substance.

The petitioner entered a plea of guilty in the Marion Superior Court, Criminal Division I, in Indianapolis, Indiana on two counts of robbery, a count of kidnapping, and a count of rape. He was sentenced on his guilty plea to a term of sixty years imprisonment on April 10, 1979. Specifically, he was sentenced to two terms of ten years and three terms of 30 years to run concurrently and one term of 30 years to run consecutively to the previous sentences.

The petitioner filed a petition for post-conviction relief on January 23, 1985, and

the state court held an evidentiary hearing on June 12, 1985. The state court took judicial notice of the guilty pleas, the sentencing transcripts and the written plea agreement. The court entered judgment in favor of the petitioner on July 22, 1985. The State of Indiana later filed a motion for relief from judgment. On December 23, 1985, the state trial court vacated its earlier order and denied the petitioner's post-conviction petition. An appeal was taken to the Court of Appeals of Indiana which affirmed the denial in an unpublished opinion on November 19, 1986. This court has searched the record and has found that unpublished opinion and has examined the same. A petition for rehearing and a petition for transfer were denied respectively on January 12, 1987 and April 16, 1987.

Here, the petitioner asserts that his guilty plea was not knowingly and voluntarily made and necessarily invokes the constitutional teaching of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In the same vein, in a claim that has a considerable overlay, he deals with the retroactive application of the Supreme Court's decision announced in *White v. State*, 497 N.E.2d 893 (Ind.1986), and asserts that its retroactive application violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States.

In numerous unpublished orders, this court has visited the question of the retroactive application of a Supreme Court standard of review announced in *White, supra.*

Before dealing with that question, this court will examine the record to determine whether the constitutional mandates of *Boykin, supra* were met. As indicated, the petitioner was charged with two counts of robbery, two counts of kidnapping, one count of rape and two counts of criminal deviate conduct. On March 12, 1979, with counsel he withdrew his pleas of not guilty and pursuant to a written agreement, pled guilty to all charges except one count of criminal deviate conduct which the State of Indiana agreed to dismiss. The record at pages 108–111 indicates that the state trial judge advised the petitioner of the constitutional rights that he was waiving by pleading guilty, including the right to trial by jury, the right to confront witnesses against him, and his right or privilege against self-incrimination. The state trial judge further advised the petitioner in accordance with the mandates of Indiana Code 35–35–1–2, which provides:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) has been informed that if:

(A) there is a plea agreement as defined by IC 35–35–3–1; and

(B) the court accepts the plea; the court is bound by the terms of the plea agreement.

(b) A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver.

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty. *As added by Acts 1981, P.L. 298, SEC. 4. Amended by P.L. 179–1984, SEC. 1; P.L. 313–1985, SEC. 1*

The state trial judge then took the matter under advisement and ordered a presentence investigation. Thereafter, on April 10, 1979, the state trial court accepted petitioner's guilty plea and imposed a sentence in accordance with the plea agreement. The state record reflects this is at pages 145–148.

■ The petitioner is here attempting to wiggle out of a plea agreement that he entered into while represented by counsel. The basic decision that must be made is whether the petitioner waived his constitutional rights and whether his plea of guilty was made voluntarily with the knowledge of those rights that were being waived. Such is mandated by *Boykin, supra,* and *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The state record must show that the guilty plea was entered voluntarily and with a full understanding of what the plea connotes and of its consequences. The guilty plea must have been made voluntarily and knowingly in that the defendant must first have been advised of his privilege against self-incrimination, his right to a trial by jury, his right to confront his accuser, and that by pleading guilty he was waiving these rights. Such is the clear mandate of *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712. A guilty plea when made by one fully aware of its consequences will stand unless induced by threats, misrepresentations, or improper promises. *See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). When a defendant was not fully apprised of the consequences, a plea can be challenged under the Due Process Clause of the Fourteenth Amendment. This is also true if the prosecution violates a substantive part of its plea agreement. *See Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), and *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). As Chief Justice Rehnquist, speaking for the court in a slightly different context in *Duckworth v. Eagan,* 492 U.S. 195, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) stated, the Due Process Clause does not require the recitation of a rigid litany, but does require substantial requirements of the constitutional mandates as reflected in *Boykin, supra* and its progeny.

■ Although it might be preferable for state trial courts to fully comply with the mandates of Rule 11 of the Federal Rules of Criminal Procedure, those are not written in constitutional stone for state judges to follow, and a federal district court in engaging in a collateral review of a state criminal conviction must and should look to the complete state record to determine if the plea of guilty was voluntarily and knowingly made. *See Neeley v. Duckworth,* 473 F.Supp. 288 (N.D.Ind.1979). These proceedings demonstrate that the petitioner's guilty plea was entered voluntarily and knowingly. The state trial judge read the charges against petitioner and he affirmatively stated that he was guilty of those charges. The state trial judge then advised the petitioner of his right to a jury trial, his right to confront and examine witnesses against him and his right to remain silent. In each case, the state trial judge asked the petitioner if he understood that he was pleading guilty, that in pleading guilty he was giving up those rights. To each inquiry, the petitioner responded in a precise affirmative.

The petitioner also acknowledged his waiver of constitutional rights by placing his initials beside the advisement of rights in the written plea agreement. The petitioner alleges that the state trial judge failed to advise him that the court was not a party nor was it bound by the plea agreement causing this plea to be an unknowing and involuntary act. Even assuming that this is some kind of defect, it is not any defect of constitutional dimension. The state trial judge carefully complied with the substantive mandates of *Boykin, supra.*

■ This court must now determine whether there is any federal constitutional violation of either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment. The Court of Appeals of Indiana reviewed the petitioner's guilty plea under *White v. State,* 497 N.E.2d 893 (Ind.1986). *White* was decided after some

seven years after the guilty plea proceedings were had involving the petitioner.

■ Certainly, the *White* decision is not in any relevant tension with the basic decision in *Boykin, supra.* The standard of review in *White* places the burden of proof on a petitioner to demonstrate by a preponderance of the evidence that the state trial judge's failure to make a full inquiry in accordance with Indiana Code 35–35–1–2(a) rendered the decision involuntary and unintelligent. The standard of review before the *White* decision presumed that a defendant's guilty plea was invalid when it was shown that the state trial court has failed to fully inform the petitioner of his rights enumerated in I.C. 35–35–1–2. That approach is reflected in the Supreme Court's decision in *German v. State*, 428 N.E.2d 234 (Ind.1981). However, whatever tension there may have been between *German* and *White*, neither of those decisions were at odds with *Boykin, supra* and any of its progeny. The basic focus remains that a guilty plea must have been knowingly, intelligently and voluntarily made. The question then narrows to whether the standard of review announced in *White* did in fact violate the Fourteenth Amendment rights of the petitioner. It is highly doubtful that *White v. State* announced new constitutional doctrine of the kind and quality referred to in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). However, the court will examine it under the three-prong test to determine whether any such new constitutional rule should be applied retroactively.

The factors to be considered are (1) the purpose to be served by the new standard; (2) the extent of the reliance by law enforcement authorities on the old standard; and (3) the effect of administration of justice of the retroactive application of any new standard.

The so-called first purpose factor is the most fundamental and only when consideration of the purpose does not clearly favor prospective or retrospective application are the other two factors significant. *See Brown v. Louisiana*, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980). The Supreme Court of Indiana in *White* at page 905 stated:

"Routine reversal of convictions on technical grounds imposes substantial costs on society. Chief Justice Designate Rehnquist recently enumerated these costs, and we paraphrase his description of them. Jurors, witnesses, judges, lawyers, and prosecutors may be required to commit further time and other resources to repeat a trial which has already taken place. The victims are caused to relive frequently painful experiences in open court. The erosion of memory and the dispersal of witnesses may well make a new trial difficult or even impossible. If the latter is the case, an admitted perpetrator will be rewarded with freedom from prosecution. Such results prejudice society's interest in the prompt administration of justice, reduce the deterrent value of any punishment, and hamper the rehabilitation of wrongdoers. *United States v. Mechanik*, (1986), [475] U.S. [66], 106 S.Ct. 938, 89 L.Ed.2d 50.

The *German* rule has led to reversal in instances where the trial judge's omission cannot genuinely be said to have worked an injustice or, indeed, have made any difference at all. We have concluded that a new method of inquiry for assessing collateral attacks on criminal convictions is required.

*Id.* at 905. *White* did not modify or change the requirement that the petitioner's guilty plea must be knowingly, intelligent, and voluntary. It did not undermine the basic values of *Boykin, supra*, and its progeny. The previous rule announced in the *German* case and its more rigid reading of the requirements of Indiana Code 35–35–1–2(a), perhaps impose a greater burden on state trial judges in Indiana taking guilty pleas than was constitutionally mandated by *Boykin, supra* and its progeny. *See Herman v. State of Indiana*, 526 N.E.2d 1183 (Ind.1988); *Fisher v. State of Indiana*, 519 N.E.2d 539 (Ind.1988); *Douglas v. State of Indiana*, 510 N.E.2d 682 (Ind.1987); *Shelburne v. State of Indiana*, 540 N.E.2d 146 (Ind.App.1989); *Edwards v. State of Indiana*, 518 N.E.2d 1137 (Ind.App.1988).

82

Applying the *Stovall* analysis, the purpose stated by the Indiana Supreme Court clearly favors a retroactive application of the new standard. Thus, even assuming that this is not just an internal adjustment by a state court of its internal rules and is of some federal constitutional dimension, there is still a failure to establish the violation of either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment. The decisions after *White* announced by the Supreme Court of Indiana establish that that court is applying *White* retroactively. *See Goff v. State*, 515 N.E.2d 1121 (Ind.1987); *Buskirk v. State*, 511 N.E.2d 305 (Ind.1987); and *Horton v. State*, 510 N.E.2d 648 (Ind.1987).

This precise subject is also dealt with extensively in a recent Indiana Law Review article. Stuart & Pitts, *White v. State: And Now Something Different*, 21 Ind.L. Rev. 85 (1988). The recent decision in this circuit support the conclusion that the mandates of *Boykin v. Alabama, supra.* were followed here. *See United States v. Jordan*, 870 F.2d 1310 (7th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989); *United States v. Lumpkins*, 845 F.2d 1444 (7th Cir.1988); *United States v. Ellison*, 835 F.2d 687 (7th Cir. 1987).

For each and all of the foregoing reasons, the petition is DENIED. IT IS SO ORDERED.