Eddie STRINGER, Appellant
(Petitioner),

v.

STATE of Indiana, Appellee
(Respondent).

No. 49A02–8907–PC–367.

Court of Appeals of Indiana,
Second District.

June 21, 1990.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-petitioner Eddie Stringer (Stringer) appeals from the denial of his petition for post-conviction relief on the basis that his guilty plea was not knowingly, voluntarily, and intelligently entered.

We affirm.

## FACTS

On January 21, 1975, Stringer was charged with armed robbery. Stringer later entered into a plea agreement in which he pled guilty to the charge in return for the State recommending that Stringer, who was seventeen years old at the time, be sentenced as a minor. Stringer was given a one year sentence.

Stringer subsequently filed a petition for post-conviction relief on May 26, 1987, which petition he twice later amended. The post-conviction court reviewed the record of the original trial court proceedings, and received testimony from David Jones (Jones), Stringer's original attorney, and Judge John W. Tranberg, the judge who presided at Stringer's guilty plea hearing. However, a record of that hearing could not be located and attempts to reconstruct it were unsuccessful.

On April 6, 1989, the post-conviction court denied Stringer's petition. Stringer now appeals from that judgment.

## ISSUE

Stringer raises one issue for our consideration:

Whether his guilty plea was knowingly, voluntarily, and intelligently entered?

## DECISION

PARTIES' CONTENTIONS—Stringer contends that since the transcript of the guilty plea hearing could not be located or reconstructed, the record was silent as to whether he waived his right to a jury trial, right of confrontation, and right against self-incrimination. Therefore, he claims, there is no evidence that he knowingly, voluntarily, and intelligently entered his plea of guilty.

The State responds that the court is to consider all the evidence produced at the post-conviction hearing, which evidence, supports the conclusion that Stringer's petition for post-conviction relief should be denied.

CONCLUSION—Stringer's guilty plea was knowingly, voluntarily, and intelligently entered.

The record, in this case is not silent. Stringer signed a written plea agreement in which he waived the constitutional rights set forth by the United States Supreme Court in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *Record* at 24–26. That agreement includes a paragraph which enumerates the several constitutional rights guaranteed Stringer by the Indiana and Federal Constitutions, and states that Stringer understood those rights, and was waiving them by entering into the plea agreement. Stringer put his initials "E.S." by each right he waived by pleading guilty. *Record* at 25.

Further, Jones testified at the post-conviction relief hearing that he remembered Stringer signing and initialling the plea agreement, *record* at 122, and indicated that he had no reason to believe Stringer did not understand the terms of the agree-

ment. *Record* at 125. Judge Tranberg, while not remembering the specific guilty plea hearing involving Stringer, stated that it was his practice to advise defendants of the rights they waive by pleading guilty, including the rights to a jury trial, to confrontation, and the right against self-incrimination. Judge Tranberg also testified that he had no reason to believe that these advisements were not given to Stringer. *Record* at 128.

Our supreme court, in this regard has said:

"To decide a claim that a plea was not made voluntarily and intelligently, we will review all the evidence before the court which heard his post-conviction petition, including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are a part of the record."

*White v. State* (1986), Ind., 497 N.E.2d 893, 905.

Thus, the fact that the transcript of the guilty plea hearing cannot be located does not by itself dictate a reversal. Rather we examine the record in its entirety to determine whether Stringer knew or was advised of his rights. *Goff v. State* (1987), Ind., 515 N.E.2d 1121; *White, supra.* In examining the entire record in a light most favorable to the conviction, we conclude that the trial court did not err in its determination that Stringer's guilty plea was knowingly, voluntarily, and intelligently entered.

Judgment affirmed.

RATLIFF, C.J., and SULLIVAN, J., concur.