1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Joseph K. MAJKO, Petitioner-Appellant,
v.
Linley E. PEARSON and Daniel R. McBride, Respondents-Appellees,
 No. 92-3288.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided July 19, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph K. Majko was convicted in the State of Indiana of possession of narcotics and sentenced as a habitual offender to serve a thirty-five year term of imprisonment. In his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254, Majko challenges the validity of a guilty plea entered in 1977, which was used as a basis for the habitual offender conviction. The district court denied habeas relief and we affirm.
 
 I. BACKGROUND
 
 2
 In 1977, Majko entered a plea of guilty to the charge of theft of under $100.00 and was sentenced to one year in prison.[1] Majko served that sentence and was released. In 1984, he faced charges of possession of narcotics and was found guilty by a jury.[2] He was also determined to be a habitual offender based in part upon the 1977 guilty plea and was sentenced accordingly.[3] In 1986, Majko petitioned for post-conviction relief in Indiana State Court, claiming that his guilty plea was involuntary because it was induced by the understanding or promise that the conviction would be entered as a misdemeanor. He also contended that in failing to abide by the alleged promise to enter a misdemeanor conviction, the government had breached the agreement. Alternatively, he argued that he was misadvised by his attorney and by the court of the proper range of penalties, of the nature and consequences of his plea, and of the felony classification of the offense. After an evidentiary hearing, the Indiana court denied relief, the Indiana Court of Appeals affirmed, and the Indiana Supreme Court subsequently denied petition for transfer. Having exhausted his state remedies, Majko filed a federal petition for writ of habeas corpus under 28 U.S.C. Sec. 2254, raising the same issues that he had raised in his post-conviction petition. The district court accorded deference to the state courts' findings and denied the petition. This appeal followed.
 
 II. ANALYSIS
 
 3
 As a federal habeas court, we are bound under 28 U.S.C. Sec. 2254(d) to respect the state court's factual findings regarding the petitioner's 1977 guilty plea, as well as the inferences drawn from those facts, unless the findings are not fairly supported by the record as a whole. Parke v. Raley, 113 S.Ct. 517, 526 (1992); see also Sumner v. Mata, 449 U.S. 539, 545-47 (1981). Whether a plea of guilty is voluntary for constitutional purposes is generally considered to be a mixed question of fact and law subject to plenary review. Marshall v. Lonberger, 459 U.S. 422, 431, 103 S.Ct. 843, 849 (1983). Debate has surfaced recently regarding application of the clearly erroneous rule when, as in this case, the district judge did not hold an evidentiary hearing, but made his determination on the basis of a paper record equally available for our review. Stewart v. Peters, 958 F.2d 1379, 1382 (7th Cir.), cert. denied, 113 S.Ct. 239 (1992). This issue need not be resolved here, however, for even under plenary review Majko's claim fails.
 
 
 4
 It is well established that a guilty plea is valid only if both knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The standard: " 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant,' " Parke, 113 S.Ct. at 523 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)), requires that the plea not be induced through misrepresentation or coercion, that the defendant had "real notice of the true nature of the charge against him," Henderson v. Morgan, 426 U.S. 637, 645 (1976), that he appreciated the consequences of the plea, and that he understood the rights he was surrendering. Stewart, 958 F.2d at 1381. The record shows that in compliance with Boykin, Majko was advised of his right to a jury trial, his right to confront and examine witnesses against him, and his right to remain silent. In each instance, he indicated a positive understanding of the rights being waived.
 
 
 5
 Majko contends, however, that the court had a statutory duty under IND.CODE Sec. 35-4.1-1-3[4] to advise him of the nature of the crime charged and that the failure to do so results in a per se violation rendering his plea involuntary[5]. Although an exacting plea hearing may include articulation of the elements of the offense charged, and how those elements apply to the defendant, there are no fixed rules governing guilty plea proceedings that would ensure a constitutionally valid plea. Stewart, 958 F.2d at 1384; Kirk v. Duckworth, 761 F.Supp. 77, 80 (N.D.Ind.1989). A court is required to not accept a guilty plea before it determines whether the defendant understands the nature of the charge against him. Boykin, 395 U.S. at 242; see also Davis v. State, 418 N.E.2d 256, 257 (Ind.App.1981) (statute does not require court to inform defendant of the elements of the crime). In some circumstances it may be appropriate to presume that defense counsel explained the nature of the offense in sufficient detail to inform the defendant of the nature of the charge so that the defendant can make an intelligent choice. Marshall, 459 U.S. at 436-37. Majko acknowledged at his plea hearing that he understood the nature of the charge against him and he admitted the truth of the underlying facts offered to support the charge. Plea hearing Tr. 3 & 8.
 
 
 6
 Moreover, Majko has never suggested that he misunderstood the elements of the charge against him, only that he understood it to be a misdemeanor rather than a felony. As a result he maintains that he was not informed that this conviction could be used as the basis for a habitual offender conviction. When accepting a guilty plea, however, a court is not obligated by the Due Process Clause to advise the defendant of the possible collateral consequence of his present conviction were he to commit a future crime. See Lewis v. United States, 902 F.2d 576, 577 (7th Cir.), cert. denied, 498 U.S. 875 (1990). Neither is defense counsel constitutionally ineffective for failing to warn the defendant of the possibility that a felony guilty plea may lead to a habitual offender conviction if a future crime is committed. Id.
 
 
 7
 Majko contends, however, that he had the right to know before he entered a plea of guilty whether the crime to which he was pleading was a felony or a misdemeanor.[6] Br. at 19. In essence, Majko claims that his 1977 plea was invalid because it was induced by an understanding that the conviction was to be entered as a misdemeanor. It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). If a plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fairly apprised of its consequences and may challenge the guilty plea under the Due Process Clause. See Mabry v. Johnson, 467 U.S. 504, 509 (1984); Carnine v. United States, 974 F.2d 924, 932 (7th Cir.1992).
 
 
 8
 A petitioner challenging the voluntary nature of a facially valid guilty plea on the basis of misrepresentations and unfulfilled promises must advance specific and credible allegations detailing the nature and circumstances of these statements. Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977). Indeed, Majko attempted to do just that at the post-conviction hearing. Counsel who represented Majko at the time of the plea negotiations testified that he believed the conviction would be entered as a misdemeanor.[7] Tr. 93. Although counsel could not specifically recall advising Majko of this, based on the circumstances surrounding the plea agreement, it was his belief that he did inform Majko that his conviction would be entered as a misdemeanor. On cross-examination, however, Majko's attorney acknowledged that a sentencing range of one to ten years was indicative of a felony. Tr. 97. In fact, Majko stated during his plea hearing that he believed the possible sentencing range to be between one and ten years.[8] Tr. 19-20. From this, the state court inferred that Majko was aware that his conviction was a felony. Under section 2254(d), we must presume the correctness of the state court findings. Marshall, 459 U.S. at 431; see also Ventura v. Meachum, 957 F.2d 1048, 1055 (2d Cir.1992) (citing Hart v. Marion Correctional Inst., 927 F.2d 256, 258 (6th Cir.), cert. denied, 112 S.Ct. 70 (1991)).
 
 
 9
 As the post-conviction transcript indicates, however, the parties may well have thought that a one year sentence could be classified as a misdemeanor. But even if that was the case, the absence of such a recommendation to the court[9] or of a written plea agreement to that effect[10] did not preclude the post-conviction court from finding the guilty plea voluntary. The current habitual offender statute, Ind.Code. Sec. 35-50-2-8 (Burns Supp.1991), defines a felony as a conviction for which the defendant might have been imprisoned for more than one year, Ind.Code. Sec. 35-50-2-1(b) (Burns Supp.1991). The offense for which Majko was convicted carried a potential penalty of more than one year. Therefore, under Indiana law, it constitutes a felony for habitual offender purposes irrespective of the sentence actually imposed or the fact that the same crime today would not be considered a felony. McCollum v. State, 582 N.E.2d 804, 815 (Ind.1991); Johnson v. State, 575 N.E.2d 282, 283 (Ind.App.1991); Wolfe v. State, 512 N.E.2d 185, 186 (Ind.1987) (plea of guilty to charge of theft of less than $100 was considered a felony for purposes of habitual offender conviction despite fact that a written plea agreement stated the charge as a misdemeanor and recommended a one-year suspended sentence); see also Williams v. Duckworth, 738 F.2d 828, 832 (7th Cir.1984) (Indiana habitual offender statute requires only that the person has accumulated two prior unrelated felony convictions; there is no requirement of imprisonment), cert. denied, 469 U.S. 1229 (1985). From these facts, it was reasonable to infer that what was bargained for was a conviction carrying a one year term of imprisonment, not a conviction carrying a misdemeanor label. In light of this, Majko's bare assertion that he would not have pled guilty had he been informed of the felony classification of the offense is insufficient to vitiate the voluntariness of his plea,[11] or to show that his counsel provided ineffective assistance in failing to advise him of the felony classification of the offense.[12] Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985) (When a claim of ineffective assistance of counsel arises from a plea of guilty, the defendant must show that he would not have pleaded guilty but for counsel's error).
 
 
 10
 Alternatively, the court's failure to correct Majko's recitation of the possible sentencing range during the plea hearing, if an error, did not vitiate the voluntariness of the plea. The state court conducted an evidentiary hearing on this claim and concluded that any error was harmless, because Majko failed to establish that his decision to plead guilty would have been affected if he had been clearly advised of the maximum penalty. Findings of Fact and Conclusions of Law, Sept. 11, 1986. The state appellate court affirmed. Majko v. State of Indiana, 49A02-8703-PC-99, Nov. 14, 1987 (unpublished). We must presume this determination to be correct because it is fairly supported by the record, and because Majko has failed to rebut the presumption by producing convincing evidence that the factual determination was erroneous. 28 U.S.C. Sec. 2254(d). Moreover, it is reasonable to presume that Majko's attorney had informed him of the potential sentences, thereby enabling Majko to decide whether to accept the plea agreement. Majko alleges no additional information other than that presented at his state post-conviction hearing, nor does he assert that he failed to fully develop his claim in the state court. He merely disagrees with the state court's findings, and that alone is not enough to warrant an evidentiary hearing in federal court. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1719-21 (1992).
 
 III. CONCLUSION
 
 11
 According deference to the findings of fact of the state post-conviction court, we agree that Majko has failed to establish that his 1977 guilty plea to the charge of theft of under $100.00 was induced through a promise that the offense would be entered as a misdemeanor. Even if there was some confusion regarding the classification of the offense, it has been clearly defined as a felony for purposes of establishing a habitual offender conviction regardless of the sentence imposed. Therefore, the decision of the district court denying Majko a writ of habeas corpus is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement agreeing to submission of this appeal on the basis of the briefs and record
 
 
 [1]
 At the time of Majko's plea, a person found guilty of theft of under $100.00 faced alternative sentences of: a fine of "not more than five hundred dollars [$500] or imprisoned for not more than one year, or both, or such person may be imprisoned in the state prison not less than one year, or both, or such person may be imprisoned in the state prison not less than one year nor more than five years, and fined in a sum not exceeding five hundred dollars [$500] and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period." IND.CODE Sec. 10-3039 [Sec. 35-17-5-12(1) ] cited in Majko v. State, No. 49A02-8703-PC-99 (Nov. 14, 1987) (unpublished)
 
 
 [2]
 Majko's narcotics conviction was affirmed by the Indiana Court of Appeals in an unpublished opinion, Majko v. State of Indiana, No. 49A04-8905-CR-187, and was not challenged in his habeas petition
 
 
 [3]
 Majko does not contest the existence of the other prior felony conviction used to support his status as an habitual offender
 
 
 [4]
 IND.CODE Sec. 35-4.1-3 provided that: "The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
 (a) Determining that he understood the nature of the charge against him."
 Repealed by Acts 1981, P.L. 298 Sec. 9(a), present provision, IND.CODE Sec. 35-35-1-2 is, in pertinent part, substantially similar.
 
 
 [5]
 Although at the time Majko entered his guilty plea the State of Indiana did require strict compliance with the statutory provisions of IC 35-4.1-1-3, the court was not required to inform the defendant of the elements of the charge against him. Reversal was not required as long as the record showed that the defendant understood the nature of the charge he faced. Davis v. State, 418 N.E.2d 256, 257 (Ind.App.1981). Even if Majko's claim was accurate, to the extent he raises an error of state law, it is not cognizable under federal habeas review. Pulley v. Harris, 465 U.S. 37, 43, 104 S.Ct. 871, 875 (1984)
 
 
 [6]
 Majko urges that the requirement that a defendant be advised of the "true nature" of the charge includes whether the offense is classified as a felony or misdemeanor. Majko's reliance on Catt v. State, 437 N.E.2d 1001 (Ind.App.1982), for support is misplaced. This case is clearly distinguishable from Catt, where the court improperly informed Catt that he was pleading to a misdemeanor when in fact he pled guilty to a felony, thereby, vitiating the voluntariness of the guilty plea. Here, however, the court made no such representation
 
 
 [7]
 The prosecutor who handled Majko's 1977 guilty plea hearing also testified at the post-conviction hearing that at the time of Majko's plea, it was his understanding that generally convictions entered for theft less than $100.00 were considered misdemeanors. Tr. 101-02. He further offered that Majko's plea was not reduced to writing as was the common practice of the prosecutors' office for all felony pleas. The state court, however, did not find this evidence sufficient to infer that Majko only pled guilty to a misdemeanor. Under 28 U.S.C. Sec. 2254(d), we must defer to the credibility determinations and factual findings of the state court
 
 
 [8]
 Majko's 1977 conviction for theft of property valued at less than $100.00 actually carried a potential penalty of one to five years and therefore, qualified as a felony under the habitual offender statute. McCollum v. State, 582 N.E.2d 804, 815 (Ind.1991)
 
 
 [9]
 Although the court was not advised of the sentencing recommendation at the time it accepted the plea, the court adhered to the oral recommendation and sentenced Majko to one year of imprisonment. See Cox v. State, 530 N.E.2d 328, 330 n. 1 (Ind.App.1988) (although court not bound by an oral recommendation, if it accepts the guilty plea based upon assurances of a specific sentence term, it is bound)
 
 
 [10]
 Under Indiana law, a plea agreement not in writing may not be enforced. Hunter v. State, 477 N.E.2d 317, 319 (Ind.App.1985). Although the sentencing recommendation was not submitted in writing to the court as required by statute, in honoring it, the judge preserved the purpose underlying the statute. IND.CODE Sec. 35-35-3-3; Davis, 418 N.E.2d at 260 (statute's purpose is to insure defendant does not base his guilty plea on promises made by the prosecutor that the judge has in fact not accepted); see Henry v. State, 370 N.E.2d 972, 975 (Ind.App.1977)
 
 
 [11]
 See Kirk v. Duckworth, 761 F.Supp. 77, 81 (N.D.Ind.1989) (upholding the constitutionality of requirement that petitioner prove that omitted advice, if given, would have changed the decision to plead guilty, White v. State, 497 N.E.2d 893 (Ind.1986))
 
 
 [12]
 We construe Majko's claim that he was misadvised by his attorney that the conviction would be entered as a misdemeanor as an allegation that the advice he received from his counsel was ineffective, thereby rendering his plea unintelligent and involuntary. See United States ex rel. Bachman v. Hardy, 637 F.Supp. 1273, 1281 (N.D.Ill.1986)