Doyle **POPPLEWELL**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 1180S408.

Supreme Court of Indiana.

Nov. 19, 1981.

Harriette Bailey Conn, Public Defender, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of inflicting physical injury while engaged in the commission of a Robbery, Ind.Code § 35–13–4–6 (Burns 1975) and sentenced to life imprisonment. On direct appeal this Court affirmed the conviction. *Popplewell v. State*, (1978) 269 Ind. 323, 381 N.E.2d 79. This direct appeal from the denial of post conviction relief presents the following issues.

(1) Whether Defendant was deprived of the effective assistance of counsel at trial.

(2) Whether the evidence was sufficient to support the verdict.

(3) Whether the trial court erred in allowing the State to introduce evidence which was outside the scope of the State's answer to Defendant's notice of alibi.

(4) Whether the trial court erred in allowing cross examination of Defendant about his prior Burglary conviction.

\* \* \* \* \* \*

## ISSUE I

Defendant contends that he was deprived of the effective assistance of counsel in that his trial attorney failed to call a particular witness. Defendant asserts that the witness would have testified that Defendant was not present when the robbery occurred. Defendant was the only witness at the hearing on the post conviction petition and he testified as follows:

"Q. Do you recall which witnesses these were that he refused to call?

"A. Mr. Price.

"Q. Do you have any idea what Mr. Price's testimony would have been had he been called as a witness?

"A. Yes, he would have testified that I wasn't at his house the night the robbery happened.

"Q. Was Mr. Price's house the house at which the robbery was allegedly to have occurred?

"A. Yes, Ma'am.

"Q. Was Mr. Price present in the Courtroom during the trial and available to testify?

"A. Yes."

■ In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State*, (1975) 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State*, (1980) Ind., 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State*, (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740.

The trial court was not obligated to believe Defendant's self serving testimony, and Defendant presented nothing else, which would have revealed what Mr. Price's testimony would have been.

### ISSUES II–IV

These issues were raised in the motion to correct errors which was filed after the criminal trial. They relate to matters which occurred during that trial. The record before us does not contain the transcript of the criminal trial. Further, we find no place in the record, and Defendant cites to no place therein, where it is disclosed that he moved for the admission of the trial transcript as an exhibit in support of his claim for post conviction relief.

The trial court made the following Conclusions of Law:

"4. The issue of sufficiency of the evidence at trial which was raised herein by Petitioner is improper to be raised in a post-conviction proceeding, *Brown v. State*, Ind., 1974, 308 N.E.2d 699.

"5. All other issues raised by Petitioner herein were waived because available to him on appeal."

Perhaps the post-conviction judge did not need to refer to the transcript of the criminal trial in order to reach these conclusions; however, without that transcript *we* cannot determine whether or not Defendant successfully met his burden of proof with respect to the merits of the claimed errors. *State v. Brown*, (1975) 263 Ind. 77, 78–79, 324 N.E.2d 266, 267.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.