Michael R. STEELE, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00–9004–CR–254.

Supreme Court of Indiana.

April 12, 1991.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

On August 3, 1989, appellant filed a plea agreement wherein he pled guilty to Count I, Murder, a Class A felony, and Count II, Attempted Murder. On August 31, 1989, the trial court sentenced appellant on Count I to a term of sixty (60) years and on Count II to a term of fifty (50) years, with the sentences to be served consecutively. Appellant appeals the trial court's sentencing.

The facts are: On November 2, 1988, appellant purchased a watch from Newcomer's Jewelry Store in Nappanee, Indiana with a fraudulent check. Mr. Newcomer informed the police and told them appellant indicated he would return the next day to purchase a ring.

On November 3, 1988, appellant telephoned Newcomer and indicated he would be at the store shortly. Newcomer then alerted the police. While appellant was in the store, Officer Nine entered the back door and informed appellant to put his hands on the counter, which appellant refused to do. Instead, he approached Officer Nine and attacked him. In the process of doing so, appellant obtained Officer Nine's gun and held both Newcomer and Officer Nine at gunpoint. Appellant struck Newcomer over the head with the gun and then turned to Officer Nine and shot him.

As appellant was about to flee, he encountered Officer Hochstetler and shots were fired. Appellant was shot in the jaw and was apprehended. Officer Nine died as a result of his injuries.

Appellant was charged with the murder of Officer Nine and the death sentence was requested. On August 3, 1989, appellant entered a plea whereby he would plead

guilty to murder and attempted murder in exchange for the State dropping the death penalty request. A hearing was held on the guilty plea and appellant was advised and questioned concerning his understanding of the plea. The trial court accepted the plea.

On August 31, 1989, a sentencing hearing was held and evidence was presented. After hearing argument by both parties, the court determined that the aggravating circumstances outweighed the mitigating circumstances.

■ Appellant contends the fact that the sentences are to run consecutively is manifestly unreasonable. In addition, he argues the trial court did not properly consider the aggravating and mitigating factors and did not give sufficient reasons for imposing the sentences.

In sentencing appellant, the trial court first enumerated mitigating factors including the fact that in his prior criminal conduct appellant had not hurt anyone, that he believed appellant's mental condition was a mitigating factor, and that appellant had not entered the jewelry store armed with a weapon but had on an impulse taken the weapon from Officer Nine.

The court went on to name as aggravating factors that the two officers were in uniform, thus it was well-known to appellant that they were police officers; that although appellant had not committed violent crimes in the past, he did nevertheless have a history of criminal conduct; and that on a prior occasion he had failed to appear for sentencing for a felony conviction. The trial judge concluded that by weighing both the mitigating and aggravating factors he found the aggravating factors to outweigh the mitigating factors.

■ On review, this court generally will not revise a sentence authorized by a statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Henley v. State* (1988), Ind., 522 N.E.2d 376. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.* The imposition of consecutive sentences is committed to the trial court's discretion, and a trial court may increase the basic penalties, impose consecutive sentences or both upon consideration of the relevant facts. *Smith v. State* (1985), Ind., 474 N.E.2d 71.

Our review of the sentencing transcript shows that the trial court considered both the aggravating and mitigating circumstances and determined that the former outweighed the latter. The trial court followed the proper procedure in sentencing appellant. *See Henderson v. State* (1986), Ind., 489 N.E.2d 68. We cannot say the trial court's sentence is manifestly unreasonable.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.