Michael R. STEELE, Petitioner,

v.

Jack DUCKWORTH, and Indiana
Attorney General,
Respondents.

No. 3:94cv0101 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 16, 1994.

Michael R. Steele, Michigan City, IN, pro
se.

Thomas D. Quigley, Office of Indiana At-
torney General, Indianapolis, IN, for respon-
dents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On February 7, 1994, *pro se* petitioner,
Michael R. Steele, an inmate at the Indiana
State Prison, Michigan City, Indiana, filed a
petition seeking relief under 28 U.S.C.
§ 2254. The return filed by the respondents
on August 8, 1994, demonstrates the neces-
sary compliance with *Lewis v. Faulkner,* 689
F.2d 100 (7th Cir.1982).

This petitioner entered pleas of guilty in
the Elkhart Circuit Court, Goshen, Indiana,
of murder and attempted murder of a police
officer. The Honorable Gene R. Duffin pre-
sided. The petitioner is presently serving a
60-year sentence imposed for murdering a
police officer, and when that sentence is
served, there is a consecutive 50-year sen-
tence for the attempted murder of another

police officer. The state court record in six volumes was filed on February 7, 1994, and has been examined here.

When these charges were pending in the Elkhart Circuit Court, this petitioner was facing a possible death penalty and apparently entered a plea of guilty to avoid the imposition of the death penalty. He entered a plea of guilty to both charges and was sentenced on August 31, 1989. He took a direct appeal to the Supreme Court of Indiana, and that court unanimously upheld the imposition of consecutive sentences, as reported in *Steele v. State,* 569 N.E.2d 652 (Ind.1991).

■ At this point, two observations are in order. The first is that under 28 U.S.C. § 2254(d), the facts unanimously found by the Supreme Court of Indiana, speaking through Justice Givan, at 569 N.E.2d 652–653, are presumed correct. Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. The Supreme Court in *Jackson* held:

> We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir.1987), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of murder and attempted murder.

Following *Jackson, supra,* there is an increasingly long line of cases in this circuit that suggest that the facts found by the highest court of a state are presumed correct. *See Andersen v. Thieret,* 903 F.2d 526, 531 (7th Cir.1990).

Secondly, it would appear that the opinion just described by the Supreme Court of Indiana on April 12, 1991, was based primarily on state law, which would invoke the teaching of *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Given the formulation in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), there certainly does not appear to be an Eighth Amendment issue in regard to the length of sentence in this case.

After the direct appeal to the Supreme Court of Indiana, this petitioner again sought post-conviction relief on October 28, 1991, in a state trial court, namely the Elkhart Supe-

**1050**

rior Court, and the Honorable Stephen E. Platt, the Judge of that court, denied such post-conviction relief on March 11, 1993, resulting in an appeal to the Fifth District of the Court of Appeals of Indiana. That court, speaking through Judge Sharpnack on February 3, 1994, entered an unpublished, 11-page Memorandum Decision in which Judges Barteau and Staton concurred. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. No petition for transfer to the Supreme Court of Indiana was sought.

This court has taken the trouble to be sure that the teaching announced by Judge Eschbach in *Nutall v. Greer,* 764 F.2d 462 (7th Cir.1985), remains the law in this circuit. It does. The teaching of *Nutall* remains in tact and has been applied to cases emanating from Illinois. *See Mason v. Gramley,* 9 F.3d 1345 (7th Cir.1993).

■ A facial examination of the Supreme Court of Indiana opinion at 569 N.E.2d 652, and a facial examination of Chief Judge Sharpnack's Memorandum Decision of February 3, 1994, will indicate with some precision the issues that were brought up both in the Supreme Court of Indiana and in the Court of Appeals of Indiana. In the Supreme Court of Indiana, the sole and only issue related to the imposition of consecutive sentences. In the Court of Appeals of Indiana Fifth District, there appears to be an issue as to the voluntariness of a plea of guilty under such cases as *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and an issue with regard to effective assistance of counsel *in the post-conviction proceedings.* An issue was also raised in the Indiana Court of Appeals with regard to prosecutorial misconduct, apparently in the post-conviction proceeding. As indicated above, the facts set forth by Chief Judge Sharpnack in this carefully crafted, 11-page opinion are certainly entitled to a presumption of correctness under 28 U.S.C. § 2254(d), and under *Jackson.* Also, Judge Platt, speaking for the post-conviction court, made written findings which were issued on March 11, 1993.

■ This petitioner is not here permitted to make a constitutional argument under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The Supreme Court in *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), has foreclosed any such collateral review under 28 U.S.C. § 2254 as it relates to state post-conviction proceedings.

■ With regard to any issue of voluntariness under *Boykin,* it would appear that Judge Duffin, in taking the pleas of guilty, honored the elements that are constitutionally required. In fact, *White v. State,* 497 N.E.2d 893 (Ind.1986), certainly requires as much in this regard as does *Boykin.* In *Schiro v. Clark,* 754 F.Supp. 646 (N.D.Ind. 1990), aff'd, 963 F.2d 962 (7th Cir.1992), cert. granted, —— U.S. ——, 113 S.Ct. 2330, 124 L.Ed.2d 243 (1993); aff'd, —— U.S. ——, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994), this court criticized the practice of either requiring or allowing a judge to testify about prior criminal proceedings in his or her court. Such a practice is certainly not one that is encouraged by this court. However, the post-conviction proceedings before the Elkhart Superior Court had the benefit of the testimony of the very experienced and highly competent state court judge, who took the guilty plea in the first instance. This is not to criticize either of these able and competent judges in Elkhart County, Indiana. It is obvious that both were attempting to be abundantly careful in a case in which the death penalty was in the background.

Certainly, the guilty plea as tested in the post-conviction proceedings passes muster under state law and also passes constitutional muster under § 2254. The defense counsel representing this petitioner involving the murder of a police officer certainly do not have an easy task. *Compare Resnover v. Pearson,* 754 F.Supp. 1374 (N.D.Ind.1991), aff'd, 965 F.2d 1453 (7th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993).

■ When one looks at the findings implicit in Chief Judge Sharpnack's opinion in regard to the conduct of this petitioner's defense counsel, and has the advantage of parts of the state record, which has been filed and examined pursuant to *Townsend v.*

*Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), there is no basis for finding that defense counsel was ineffective under the Sixth Amendment of the Constitution of the United States.

Under *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the standards under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), apply to guilty plea proceedings. Chief Judge Sharpnack covered this issue well in Part II of its February 3, 1994, opinion. An independent examination under *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), fails to present a violation of the standards in *Hill.*

Petition for relief under 28 U.S.C. § 2254 is **DENIED.**

**IT IS SO ORDERED.**

APPENDIX A

IN THE

COURT OF APPEALS OF INDIANA

FIFTH DISTRICT

Michael R. Steele

Appellant–Defendant

vs.

State of Indiana

Appellee–Plaintiff

No. 20A05–9306–PC–228

Filed Feb. 3, 1994

*ATTORNEY FOR APPELLANT:*

MICHAEL R. STEELE, Pro se

*ATTORNEYS FOR APPELLEE:*

PAMELA CARTER
Attorney General of Indiana

MARY DREYER
Deputy Attorney General

Office of Attorney General
Indianapolis, IN 46204–2794

Appeal from the Elkhart Superior Court, The Honorable Stephen E. Platt, Judge, Cause No. 20D02–9202–CF–024.

SHARPNACK, Chief Judge.

*MEMORANDUM DECISION*

Michael R. Steele appeals the denial of his petition for post-conviction relief. We affirm.

Steele, proceeding pro se, presents four issues for our review, which we consolidate and restate as:

1. whether the post-conviction court erred in finding that Steele had failed to show that his guilty plea was entered unknowingly, unintelligently, and unwillingly;

2. whether the post-conviction court erred in finding that Steele had received effective assistance of counsel; and

3. whether the post-conviction court erred in finding that no prosecutorial misconduct had occurred at the trial level.[1]

The facts most favorable to the post-conviction judgment are as follows. On August 3, 1989, Steele pleaded guilty to charges of murder and attempted murder arising out of an incident that occurred at a jewelry store in Nappanee, Indiana, on November 3, 1988, in which one police officer was killed and the store owner was injured. Steele challenged his conviction and sentence on direct appeal to the Indiana Supreme Court, which affirmed. *Steele v. State* (1991), Ind., 569 N.E.2d 652. Steele petitioned for post-conviction relief on October 28, 1991. A post-conviction hearing was held on March 10, 1993. The post-conviction court denied Steele's petition in its written findings issued on March 11, 1993.

The petitioner bears the burden of proof in a petition for post-conviction relief. *Popplewell v. State* (1981), Ind., 428 N.E.2d 15, 16. The post-conviction court is the trier of fact and the sole judge of the weight and credibil-

---

1. In Steele's fourth issue, he alleges that the post-conviction court erred in denying his petition for post-conviction relief; no specific argument is offered, and therefore no issue is presented for our review. Ind.Appellate Rule 8.3(A)(7).

ity of the evidence. *Id.* Where the petitioner appeals the denial of a post-conviction relief petition he appeals from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the court below has reached the opposite conclusion, that we will disturb the decision of the post-conviction court as being contrary to law. *Id.*

We note at the outset that the post-conviction relief process is intended to provide a means for raising issues not known at the time of the original trial or for some reason not available to the defendant at that time. *McBride v. State* (1992), Ind.App., 595 N.E.2d 260, 262 (citing *Wallace v. State* (1990), Ind., 553 N.E.2d 456, *cert. denied,* 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491 (1991)). If an issue was litigated on direct appeal the answer there is res judicata and the issue is not subject to further review; if the issue was available for litigation in direct appeal but was not in fact raised, it has been waived. *Id.*

In the present case, all the issues raised by Steele in his petition for post-conviction relief were available on direct appeal and may be deemed to have been waived. Notwithstanding this, the post-conviction court treated Steele's issues as if they had been properly raised. Likewise, we will consider Steele's arguments on their merits, but note that Steele bears a heavy burden in his attempt to reverse the determination of the post-conviction court.

I

Steele first argues that the post-conviction court erred in finding that Steele had failed to show that his guilty plea was entered unknowingly, unintelligently, and unwillingly. In his petition and at the hearing, Steele contended that he was taking the tranquilizers Prolixin and Mellaril at the time of the guilty plea proceedings and that, as a result, he was unable to understand the nature of the proceedings against him. Steele also contended that he was incompetent to understand the nature of the proceedings due to his mental illness and low intelligence and alleged that the court failed to determine his competency before accepting his plea of guilty.

In its findings of fact, the post-conviction court noted the following: On December 21, 1988, Steele filed a motion to determine competency. He was subsequently examined by two court-appointed physicians, and on February 28, 1989, Steele was found incompetent to stand trial. On June 12, 1989, Steele was determined to be competent to stand trial. On July 13, 1989, Steele filed a motion to redetermine competency and a notice of intent to rely on the defense of insanity. On July 20, 1989, the court appointed two physicians to examine Steele. The examinations were scheduled for August 3 and August 9, 1989. On August 3, before the first examination took place, Steele entered his guilty plea pursuant to a plea bargain with the State.

A guilty plea must be made voluntarily and intelligently because it is a waiver by the defendant of important constitutional rights. *White v. State* (1986), Ind., 497 N.E.2d 893, 905. A defendant cannot voluntarily and intelligently waive his constitutional rights if he is not sufficiently rational to do so. *Suldon v. State* (1991), Ind.App., 580 N.E.2d 718, 720. However, if a judge has reasonable grounds to believe the defendant is competent, that is, he believes the defendant is able to understand the proceedings and assist in his defense, no further hearing is necessary. *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 299.

In the present case, the post-conviction court found that Steele had failed to carry his burden of proof on his allegation that he did not enter his guilty plea knowingly, intelligently, and voluntarily. The court cited evidence that Steele had not received his first Prolixin treatment until thirteen days after the guilty plea hearing and that Steele had stated to a psychiatrist at the Elkhart County Security Center that he was aware that he had pleaded guilty, was aware of the sentencing date, and understood the possible penalties he could receive. In addition, the court noted that four witnesses for the State, all of whom were with Steele on the day of the hearing, testified that Steele seemed to be competent. For his part, Steele presented no medical evidence concerning Mellaril—

its usual effects on the mind and how it might have impaired Steele's ability to understand the hearing. Similarly, Steele presented no evidence of how his mental illness or his allegedly low intelligence impaired his ability to understand the hearing. We find therefore that Steele has failed to show how the evidence leads unerringly to a conclusion opposite that reached by the post-conviction court.

Steele also contends that he was inadequately advised that by pleading guilty he would be waiving his right to confrontation and his right against self-incrimination. The post-conviction court found Steele's contention to be without merit, and we agree. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, requires that a guilty plea conviction be vacated unless the record reveals that appellant knew or was advised at the time of his plea that he was waiving his right to a jury trial, right to confrontation, and right against self-incrimination. *White,* 497 N.E.2d at 905. Reading from the record of the guilty plea hearing, counsel for Steele made clear that Steele had been advised of his "right to a public and speedy trial by jury," his "right to face all witnesses against [him] and to see, hear, question, cross examine them," and his "right to require any witness to be present at the hearing or trial, and to testify in [his] own behalf." (Record, p. 224.) Moreover, the guilty plea judge testified that he had advised Steele of all the rights that he "would have [had] with a jury trial" and that Steele had waived his right to trial. (Record, pp. 213–14.) We find these advisements adequate to fulfill the *Boykin* standard.

Steele also argues that his guilty plea should be invalidated because he maintained his innocence at the time he entered his plea. A judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time; to accept such a plea constitutes reversible error. *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423. Upon a review of the record, we find Steele's argument to be meritless. The guilty plea judge testified before the post-conviction court as follows:

"[Q.] At the time of the entry of the plea, did the defendant maintain that he was innocent?

A. No, he did not.

Q. And, did he indicate at any time that the killing was an accident?

A. He did say something during the plea about not intending to point the gun at the officer, ah, but I believe there were some questions then asked as to how close he was to the officer and the proximity and that type of—

Q. Very, very close proximity when the shooting occurred?

A. Yes.

Q. Okay. And, did that in your mind constitute sufficient facts [sic] to support the guilty plea?

A. Yes, it did."

(Record, p. 212.) We do not have the record of the plea bargain hearing before us, and therefore we cannot examine Steele's responses to questions concerning his guilt. However, under our standard of review, we may only reverse the denial of post-conviction relief when the evidence is without conflict and leads unerringly to a conclusion contrary to that reached by the trial court. *Popplewell,* 428 N.E.2d at 16. Steele has failed to present evidence which leads unerringly to the conclusion that he maintained his innocence at the guilty plea hearing.

Steele further argues that his guilty plea should be invalidated because he was threatened with the death penalty if he did not plead guilty. Threats and promises made during plea bargain negotiations are permissible so long as the State has the power to enforce them when the agreement is entered into. *Mott v. State* (1989), Ind., 547 N.E.2d 261, 264. However, a bargained plea, motivated by an improper threat, is deemed to be illusory and is a denial of substantive rights. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173, 1174. At the moment the plea is entered, the State must possess the power to carry out any threat which was a factor in obtaining the plea agreement which was accepted. *Id.* Steele's claim that he was improperly threatened with the death penalty is unfounded. Steele's attorney for the guilty

plea hearing testified that he spent "quite a bit of time" discussing the plea with Steele and that he and an associate at his firm discussed with Steele the offenses with which he was charged, the penalties associated with them, and the ramifications of the plea. Steele's attorney also testified that he questioned Steele as to the facts supporting the guilty plea and that Steele admitted sufficient facts to support a plea of guilty. The post-conviction court found that "the likelihood of the Defendant receiving the death penalty for the offense in question was substantial." (Record, p. 52.) The facts of the case support this finding. *See Steele*, 569 N.E.2d 652. We find, therefore, that no improper threat was made to induce Steele's guilty plea.

## II

Steele next argues that the post-conviction court erred in finding that Steele had received effective assistance of counsel. Steele contends that his counsel at the guilty plea hearing was inexperienced in capital murder cases, was prejudiced against Steele, and failed to raise appropriate defenses. To prevail on a claim of ineffective assistance of counsel appellant must meet a two-part test. He must show: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Mott*, 547 N.E.2d 261. Appellant must present strong and convincing evidence to rebut the presumption that counsel was competent. *Clark v. State* (1990), Ind., 561 N.E.2d 759; *McCollum v. State* (1992), Ind., 582 N.E.2d 804. In its order of judgment, the post-conviction court found that

"[w]ith respect to the Defendant's allegation of incompetent counsel, the Court has examined the record and has further reviewed the testimony presented by both the Defendant and the State of Indiana. The Court now finds that the Defendant

received adequate assistance of counsel, which in all ways met the standard established by the courts in the State of Indiana therefor. The Court would find ... that the withdrawal of the death penalty by the State of Indiana as a result of counsel's effort is but one example of the adequate representation received by the Defendant in this cause."

(Record, p. 54.) Upon an examination of the record, we agree with the post-conviction court's judgment. Steele's counsel testified that he had practiced law for fifteen years, that he had represented defendants in murder cases on a number of occasions, and that he had no conflict of interest in the case. The guilty plea judge testified that he considered Steele's counsel to be "a very competent defense attorney."

Steele contends that his counsel failed to raise appropriate defenses, specifically the insanity defense, entrapment, and self-defense. We will not speculate about what may have been the most advantageous strategy. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1206, *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. Steele has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness in choosing not to raise these defenses, and has failed to show a reasonable probability that the result of the proceedings would have been different had the defenses been raised and the case submitted to a jury. Accordingly, we find that the post-conviction court did not err in finding that Steele had received effective assistance of counsel.

## III

Steele next argues that the post-conviction court erred in finding that no prosecutorial misconduct had occurred at the trial level. Steele alleges that the prosecutor (1) "trumped up" the charges and (2) lied in court, stating that Steele had a "total disregard for the law" and calling Steele "cold-blooded, ruthless, and a premeditated murderer." (Appellant's Brief, p. 19.)

When reviewing a charge of prosecutorial misconduct, this court first must determine whether the prosecutor in fact engaged in misconduct and then determine whether the

misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *Bardonner v. State* (1992), Ind.App., 587 N.E.2d 1353, 1357. Whether the misconduct resulted in subjecting the defendant to "grave peril" is determined by the probable persuasive effect on the jury's decision, not the degree of impropriety of the conduct. *Id.*

As to his contention that the prosecutor "trumped up" the charges, Steele has failed to direct us to any evidence in the record which refutes the post-conviction court's finding that the charges had a basis in fact. We must conclude, therefore, that no such prosecutorial misconduct occurred. As to his contention that the prosecutor lied in court, we note that the post-conviction court found that the record justified the prosecution's comments concerning Steele's disregard for the law, Steele having been previously convicted of a felony and a misdemeanor offense. (Record, p. 51.) In addition, Steele has failed to show that the characterization of him as "cold-blooded, ruthless, and a premeditated murderer" had no basis in fact. This comment, moreover, is unlikely to have placed Steele in grave peril, considering that it was addressed not to a jury but to the judge, for whom the persuasive effect of such a comment would probably be negligible. The post-conviction court did not err in finding that no prosecutorial misconduct had occurred at trial.

Accordingly, the judgment of the post-conviction court is affirmed.

AFFIRMED.

BARTEAU and STATON, JJ., concur.