**Clarence FLOWERS, Petitioner,**

v.

**Craig HANKS, Respondent.**

**No. 3:96–CV–0483 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 17, 1996.

Clarence Flowers, Wabash Valley Correctional Institution, Carlisle, IN, pro se.

Cornell Collins, Gary, IN, for petitioner.

Robert L. Collins, Indiana Attorney General, Indiana Government Center South, Indianapolis, IN, for respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On June 26, 1996, petitioner, Clarence Flowers ("Flowers"), filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court, challenging a 1986 conviction for murder imposed by the State of Indiana. Flowers is currently incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana, and has filed his petition *pro se.*

### I. FACTS AND PROCEDURAL HISTORY

On January 3, 1986, Flowers was charged by information in the Tippecanoe County Circuit Court with the murder of Larry Farrell. Later that month, the State of Indiana filed an allegation of capital offense in relation to the murder charge. Initially, Flowers entered a plea of not guilty. However, on April 16, 1996, Flowers moved to withdraw his not guilty plea. During a hearing on the motion to withdraw, Flowers testified that on November 26, 1985, he shot Mr. Farrell in a Lafayette barber shop because Farrell owed him money. Consequently, Flowers' motion to withdraw his plea was granted and, pursuant to a written plea agreement, he pled guilty to murder in exchange for the State's dismissal of the capital offense allegation. On June 11, 1986, Flowers was sentenced under the terms of the plea agreement to a term of sixty (60) years in prison by the Honorable Ronald Melichar of the Tippecanoe Circuit Court.

At the sentencing hearing, Flowers orally attempted to withdraw his guilty plea after becoming aware of evidence which could possibly exculpate him of the murder charge. Because defense counsel learned of the possibility of new evidence for the first time immediately before the sentencing hearing, defense counsel moved for a continuance of sentencing so that he could prepare a verified written motion to withdraw Flowers' guilty plea in compliance with IND.CODE § 35–35–1–4(b). Subsequently, the state trial court denied Flowers' motion to withdraw his guilty plea and his motion for continuance of sentencing, finding that Flowers had knowingly and voluntarily pled guilty to the offense charged. As a result, the state trial court accepted Flowers' plea of guilty.

Flowers appealed his conviction directly to the Supreme Court of Indiana. On appeal, Flowers raised two grounds for review: (1) that the state trial court abused its discretion

by refusing to allow him to withdraw his guilty plea; and (2) that the state trial court violated his right to effective assistance of counsel when it refused to allow defense counsel to withdraw after it became apparent that the petitioner and his attorney had an irreconcilable conflict. On September 13, 1988, in a unanimous decision written by Justice Givan, the Supreme Court of Indiana affirmed both Flowers' conviction and his sentence. *See Flowers v. State,* 528 N.E.2d 57 (1988).

## II. ARGUMENTS

Mr. Flowers turned to federal court by filing the present petition for writ of habeas corpus in this court on June 26, 1996. In his petition, he presents four separate issues. First, he alleges that his guilty plea was not made knowingly, voluntarily and intelligently in violation of the Sixth Amendment to the United States Constitution. Second, he claims that his public defender denied him the right to appeal the denial of his motion for post-conviction relief. Third, he contends that his conviction was based upon insufficient evidence. Fourth, he claims that his conviction was obtained by a "structurally defective" indictment which had no basis in fact. Thus, the petitioner requests the court grant him habeas relief in this case.

On July 30, 1996, the respondent filed his return to order to show cause, demonstrating the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). In the return, the respondent first argues that the recently enacted one-year statute of limitations bars Flowers from filing his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Should the statute of limitations not apply, the respondent argues that Flowers has procedurally defaulted all of his claims by failing to properly present them to the courts of the State of Indiana. In the alternative, should the court find that the claims have not been procedurally defaulted, the respondent argues that Flowers entered his guilty plea

knowingly, voluntarily and intelligently and, thus, his murder conviction is constitutionally valid. Consequently, the respondent requests that the court deny his habeas petition.

On August 12, 1996, the petitioner filed his traverse to order to show cause. In his traverse, Flowers first claims that the State has failed to prove that he actually killed Larry Farrell. Second, he argues that the State improperly refused to allow him to present exculpatory evidence which allegedly would prove that the petitioner was in Florida at the time of the murder. Third, it appears that Flowers argues that his public defender's ineffective assistance of counsel is the cause for any argument of procedural default.[1] Finally, the petitioner contends that the state courts have entered into a "state conspiracy" in order to abridge his due process and equal protection rights, and, thus, his petition must be granted.

## III. BACKGROUND

■ A claim under 28 U.S.C. § 2254 requires the federal *habeas* court to ensure that the state criminal conviction was not achieved at the expense of the petitioner's constitutional rights. Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), described the role of the federal district courts in habeas proceedings:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court

---

1. The petitioner raises several additional arguments in his traverse. However, the court finds that such arguments are based purely upon questions of state law, *see Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and *Kraushaar v. Flanigan,* 45 F.3d 1040 (7th Cir.

1995), and do not allege any violation of the United States Constitution or federal law, *see Bell v. Duckworth,* 861 F.2d 169 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). Therefore, the court need not address such additional arguments.

and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791.

Following *Jackson, supra,* there is an increasingly long line of cases in this circuit, including the very recent decision in *Brumley v. Detella,* 83 F.3d 856, 861 (7th Cir.1996), which suggest that the facts found by the highest court of a state are presumed to be correct. *See also, Milone v. Camp,* 22 F.3d 693, 697 n. 2 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 720, 130 L.Ed.2d 626 (1995); *Cuppett v. Duckworth,* 8 F.3d 1132, 1141 (7th Cir.1993) (en banc), *cert. denied,* 510 U.S. 1180, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994); *Andersen v. Thieret,* 903 F.2d 526, 531 (7th Cir.1990). "This deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings 'lacked even fair support in the record.'" *Marshall v. Lonberger,* 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983); *see also Mills v. Jordan,* 979 F.2d 1273, 1279 (7th Cir.1992).

The Congress of the United States has recently codified the holdings of *Jackson* and its progeny through the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"). The AEDPA amended 28 U.S.C. § 2254, in relevant part, as follows:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a

factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

█ It also must be understood that this court does not sit to correct any errors of state law. *See Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and *Kraushaar v. Flanigan,* 45 F.3d 1040 (7th Cir.1995). Further, this court does not sit as a trier de novo in state court criminal proceedings and does not sit as a court of general common law review. The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Bell v. Duckworth,* 861 F.2d 169 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989).

## IV. STATUTE OF LIMITATIONS

The initial issue before the court is one of first impression in this district—the applicability of the new one-year statute of limitations imposed by the Congress of the United States on all federal habeas petitions.[2] Section 101 of the AEDPA amended 28 U.S.C. § 2244, adding a new period of limitations to petitions for writ of habeas corpus. Section 2244 now reads in relevant part:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

2. It must be noted that only two district courts in this circuit have directly addressed the new statute of limitations in reported opinions. *See Free-* *man v. Gilmore,* 1996 WL 473469 (N.D.Ill. Aug. 16, 1996), and *Griffin v. Endicott,* 932 F.Supp. 231 (E.D.Wis.1996).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The respondent argues that the new period of limitations bars Flowers' petition in this case. Thus, it is incumbent on the court to determine whether the new statute of limitations applies to Flowers' petition. First, the petition was filed June 26, 1996—well after the date the AEDPA was enacted. Second, it does not appear (1) that there was any impediment to Flowers' filing of the petition, (2) that the petition is based upon an assertion of a newly recognized constitutional right, and (3) that there is any issue as to the date on which the factual predicate of Flowers' claims could have been discovered. Therefore, it is necessary to determine the date on which Flowers' judgment became final.

According to the record, the Supreme Court of Indiana affirmed Flowers' conviction and sentence on September 13, 1988. Further, the petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States. Since review of a state criminal conviction by the Supreme Court of the United States is considered direct review of the conviction, see *Bell v. Maryland*, 378 U.S. 226, 232, 84 S.Ct. 1814, 1818, 12 L.Ed.2d 822 (1964), the time period in which Flowers could have filed his petition for a writ of certiorari in the Supreme Court of the United States must be considered in calculating the time period in which the petitioner could have sought direct review of his conviction for purposes of § 2244(d)(1). Accordingly, because Flowers had ninety (90) days from the entry of judgment by the Supreme Court of Indiana in which to file his petition for a writ of certiorari,[3] his time for direct review expired 90 days after the Supreme Court of Indiana affirmed his conviction and sentence—December 11, 1988. Further, since a review of the record does not indicate that Flowers sought formal post-conviction review of his conviction and sentence, Flowers' petition would appear to be time barred under § 2244(d)(1), as amended by the AEDPA, because his petition was filed in excess of one year after the time for direct review of his state criminal conviction expired.[4]

■ However, when a new statute of limitations is created that would bar pre-accrued claims, the Supreme Court of the United States has held that the party bringing suit must be given a reasonable time or grace period in which to file suit upon such claims. *Block v. North*, 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 1819 n. 23, 75 L.Ed.2d 840 (1983); *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982). The same considerations that make it inequitable and prejudicial to apply a new statute of limitations to a claim filed prior to the announcement of the new rule also counsel against applying such a rule to a cause of action which accrued prior to the rule—thus, the party bringing suit must be afforded a reasonable period in which to file his claims after the announcement of the new limitations period. *Kelly v. Burlington Northern R.R. Co.*, 896 F.2d 1194, 1198–99 (9th Cir. 1990). The United States Court of Appeals for the Second Circuit has held that it "would be entirely unfair and a severe instance of retroactivity" to apply the one-year statute of limitations to a petition where the limitations period ended before the effective date of the AEDPA. *Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir.1996). Thus, the issue then becomes what is a "reasonable" time or grace period in the habeas context.

---

**3.** *See* Rule 13 of the Rules of the Supreme Court of the United States.

**4.** The AEDPA also added a provision which tolls the statute of limitations for the time period in which a petitioner seeks collateral review of his conviction in the state courts. *See* 28 U.S.C. § 2244(d)(2). Since the record does not indicate that Flowers sought formal collateral review of his conviction and sentence in the state courts (*i.e.,* filed a petition for post-conviction relief), the court need not discuss the issue of tolling in this case.

The same concerns were addressed in the area of civil rights actions brought under 42 U.S.C. § 1983 after the decision of the Supreme Court of the United States in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson*, the Supreme Court announced that the statute of limitations for actions brought under § 1983 would be the state law statute of limitations for tort claims alleging personal injuries. 471 U.S. at 279, 105 S.Ct. at 1948–49. However, in some situations where the previously applied statute of limitations was a period longer than the state personal injury statute of limitations, the effect of *Wilson*, if applied strictly, would have been to bar suits which previously were timely. Thus, the United States Court of Appeals for the Seventh Circuit held that for all § 1983 actions which accrued before the *Wilson* decision, the party bringing suit would have a grace period of two years (the personal injury statute of limitations in the State of Illinois) after *Wilson* in which to bring a timely action. *Anton v. Lehpamer*, 787 F.2d 1141, 1146 (7th Cir. 1986).

■ Applying the Seventh Circuit's holding in *Anton* in the context of the new federal habeas statute of limitations, it would follow that for all § 2254 actions which accrued before the effective date of the AEDPA— April 24, 1996—petitioners would be entitled to a grace period in the amount of the limitations period to file a timely suit. Therefore, the court finds that a one-year grace period is a reasonable time frame in which to apprise future petitioners that their pre-accrued claims must be filed within one year of the enactment of the AEDPA or be barred by § 2244(d)(1).[5] Accordingly in this case, because Flowers filed his action before April 24, 1997 (the one-year anniversary of the enactment of the AEDPA), the court finds that his habeas petition is not time-barred under § 2244(d)(1).

**5.** Just last week in *Lindh v. Murphy*, 96 F.3d 856 (7th Cir.1996), the Seventh Circuit addressed many issues involving the AEDPA. Judge Easterbrook, writing for a majority of the Seventh Circuit sitting *en banc*, in dicta held that a reasonable grace period for the implementation of the new statute of limitations would be one year from the enactment of the AEDPA. Specifically,

## V. PROCEDURAL DEFAULT

■ Having determined that Flowers' petition side-steps the statute of limitations bar, the court must now make two additional inquiries before considering his petition for writ of *habeas corpus* on its merits: (1) whether the petitioner has adequately presented his claims during the course of state proceedings, and (2) whether the petitioner has exhausted all of his available state court remedies. *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir.1988), *cert. denied*, 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989). If the answer to either of these questions is "no," then the claims are barred either for failure to exhaust available state court remedies or under the doctrine of procedural default. Since Flowers has properly exhausted all of his available state court remedies under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the court need only address the issue of procedural default.

■ To avoid a finding of procedural default, a habeas petitioner must have presented his state claims in such a way as to fairly alert the state court to the specific constitutional grounds asserted in the habeas petition. *Pierson v. O'Leary*, 959 F.2d 1385, 1392 (7th Cir.), *cert. denied*, 506 U.S. 857, 113 S.Ct. 168, 121 L.Ed.2d 115 (1992). The fundamental requirement that a petitioner first present his claims to the state court is rooted in the belief that it would be unjust for a federal court to upset a state court conviction without providing the state courts an opportunity to correct the constitutional violation. *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354, 356 (7th Cir.1983). A petitioner procedurally defaults on a claim by failing to present that claim to the highest court of the state, *Lostutter v. Peters*, 50 F.3d 392, 394 (7th Cir.1995); *Jones v. Washington*, 15 F.3d 671, 674 (7th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994).[6]

the Seventh Circuit found that "reliance interests lead us to conclude that no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d)." 96 F.3d at 866.

**6.** This court acknowledges the fact that this rule of law from *Lostutter* and *Jones* has since been modified by the Seventh Circuit's recent decision

■ The Supreme Court of the United States has interpreted § 2254 as requiring that a petitioner "fairly present" his federal issues to the state courts as a precondition to exhaustion. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Verdin v. O'Leary*, 972 F.2d 1467, 1472–73 (7th Cir.1992). The necessity of fair presentment of an issue to the state courts as a precondition to federal habeas relief is a manifestation of the Supreme Court's concern for comity among the federal and state court systems. *Verdin*, 972 F.2d at 1473. If the petitioner's argument to the state court did not:

> (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim. However, the presence of any one of these factors, particularly factors (1) or (2), does not automatically avoid a waiver; the court must consider the specific facts of each case. (citations omitted)

*Pierson*, 959 F.2d at 1393 (citing *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir.1984) (quoting *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir.1982)). The failure to properly present a claim to the state courts provides an independent and adequate state law ground for the conviction and sentence in the federal courts. *See Gray v. Netherland*, —— U.S. ——, ——, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996).

in *Hogan v. McBride*, 74 F.3d 144 (7th Cir.1996). However, unlike *Hogan*, this case does not involve an appeal to the Court of Appeals of the State of Indiana nor a subsequent petition for transfer to the Supreme Court of Indiana. The Supreme Court of Indiana received this case on direct appeal. Thus, any changes in the law of procedural default created in *Hogan* are not relevant to the petition now before this court.

The respondent argues that Flowers has procedurally defaulted all issues raised in his habeas petition with the exception of the claim that his guilty plea was not entered knowingly, voluntarily and intelligently. In his direct appeal to the Supreme Court of Indiana, Flowers raised only two issues: (1) that his guilty plea was improperly entered; and (2) that the state trial court abused its discretion by refusing to permit Flowers' trial counsel to withdraw after it was established that there was a conflict of interest between counsel and Flowers. Flowers did not present the following claims to the highest court of the State of Indiana on direct appeal: (1) that his public defender denied him the right to appeal the denial of his motion for post-conviction relief; (2) that his conviction was based upon insufficient evidence; and (3) that his conviction was obtained by a "structurally defective" indictment which had no basis in fact.

■ The respondent also argues that it would be futile to send the petitioner back to the state courts to challenge these claims in a petition for post conviction relief. Under the post-conviction rules of the State of Indiana, a petition for post-conviction relief ("PCR") does not afford a petitioner with the opportunity for a "super appeal." *Weatherford v. State*, 619 N.E.2d 915, 916 (Ind.1993).[7] Rather, the rules create a narrower remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules—thus, issues which were or could have been raised on direct appeal are not available for review in post-conviction. *Id.* at 917. Allegations which were capable of being raised on appeal but which are presented for the first time in a PCR petitioner are waived absent a showing that the issue was unascertainable or unavailable at the time of trial or

7. The record indicates that Flowers did indeed file a post-trial, *pro se* motion to withdraw his guilty plea. Further, his counsel filed a motion for continuance of the sentencing hearing in order to file a formal motion to withdraw the guilty plea. The state trial court denied both motions and proceeded with sentencing. However, there is no evidence that Flowers filed a petition for post-conviction relief in the state courts after his conviction and sentence were affirmed by the Supreme Court of Indiana.

direct appeal. *See Cummings v. State,* 495 N.E.2d 181, 182 (Ind.1986); *McBride v. State,* 595 N.E.2d 260, 262 (Ind.Ct.App.1992).

Upon a review of Flowers's petition and traverse in this case, the court finds that he has not made any showing that these issues were unascertainable or unavailable at the time of trial or on direct appeal, thus waiving these claims under state law. Therefore, this court finds that these claims are procedurally defaulted under the mandate of *Lostutter, supra.*

■ Once a claim is procedurally defaulted, a federal court will not address the merits of that claim unless the petitioner can show both cause for the default and prejudice resulting from the failure to obtain review on the merits. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Lostutter,* 50 F.3d at 394. In his traverse, Flowers argues that the ineffectiveness of his trial and sentencing counsel is the cause for his failure to raise these claims in the state courts of Indiana.

■ Arguably, Flowers' claim of ineffective assistance of counsel could be deemed an attempt at establishing cause. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). However, a federal court may not consider ineffective assistance of counsel as cause for a procedural default unless the ineffectiveness claim was itself presented to the state courts as an independent claim. *Id* at 489, 106 S.Ct. at 2646; *Lostutter,* 50 F.3d at 395. Because Flowers did not properly present his ineffective assistance of counsel claim in his direct appeal to the Supreme Court of Indiana, he may not offer ineffective assistance of counsel as cause for his procedural default of the remaining claims.[8] Thus, since Flowers is unable to establish the necessary cause for his default, the court need not discuss whether Flowers has been prejudiced from the failure to obtain review on the merits. *Bue-*

*low v. Dickey,* 847 F.2d 420, 425 (7th Cir. 1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989) (holding that a petitioner's inability to demonstrate either the cause or prejudice prong of the *Wainwright* test results in the dismissal of the *habeas* petition before the merits of the claims can be reached.)

■ Because Flowers is unable to establish "cause and prejudice" sufficient to excuse his failure to properly present all of his constitutional claims to the state courts, Flowers may only obtain review of his procedurally defaulted claims if he falls within the "narrow class of cases implicating a fundamental miscarriage of justice." *Schlup v. Delo,* — U.S. —, —, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995). A petitioner must allege more than actual innocence to establish a fundamental miscarriage of justice—he must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at —, 115 S.Ct. at 867; *Whitlock v. Godinez,* 51 F.3d 59, 63 (7th Cir.1995).

Again, a careful review of the record in this case clearly shows that Flowers has failed to sufficiently establish that a finding of procedural default on these claims will result in a fundamental miscarriage of justice in this case. On this issue, Flowers argues only that the State denied him the opportunity to present evidence of his innocence and that his conviction was based upon insufficient evidence. Such arguments are merely conclusory in nature and unsupported by the evidence in the record. Accordingly, the court finds that, with the sole exception of the claim attacking the propriety of his guilty plea, all claims raised by Flowers in his habeas petition are procedurally defaulted and the court is foreclosed from deciding the merits of such claims. Therefore, such claims are now dismissed.

8. The court notes that Flowers did challenge the state trial court's refusal to permit his trial counsel to withdraw on direct appeal to the Supreme Court of Indiana. However, although such issue implies a claim of ineffective assistance of counsel, Flowers' claim on direct appeal was couched in terms of an abuse of discretion by the state trial court and, therefore, did not directly challenge the effectiveness of his trial counsel under the Sixth Amendment to the United States Constitution and the doctrine of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, under *Murray* and *Lostutter, supra,* Flowers may not properly raise the ineffectiveness of counsel as cause for procedural default.

## VI. VALIDITY OF FLOWERS' GUILTY PLEA

The sole remaining issue in this case is whether Flowers's plea of guilty on his 1986 murder conviction was entered knowingly, voluntarily and intelligently under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Flowers argues that his plea was not made voluntarily because he alleges that the state trial court "had him on psychotropic mind altering drugs" during his pre-trial incarceration.[9] The respondent argues that the state court record clearly reflects that Flowers entered into his guilty plea knowingly, voluntarily and intelligently.

The AEDPA also has amended the standards a federal court must apply when reviewing the merits of a collateral challenge to a state criminal conviction under § 2254. Congress amended § 2254 in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

■ In light of these new standards, the court will now address the merits of Flowers' claim that his guilty plea was not entered knowingly, voluntarily and intelligently under the Fifth, Sixth and Fourteenth Amendments. This court has addressed the issue now before it in several published opinions. See Kirk v. Duckworth, 761 F.Supp. 77, 80 (N.D.Ind.1989), aff'd, 929 F.2d 703 (7th Cir. 1991); Freeman v. McBride, 843 F.Supp. 452, 453 (N.D.Ind.1993), aff'd, 16 F.3d 1225 (7th Cir.1993); Steele v. Duckworth, 900

F.Supp. 1048, 1050 (N.D.Ind.1994); aff'd, 62 F.3d 1419 (7th Cir.1995). A plea of guilty is more than a confession which admits that the accused performed various acts—it is itself a conviction. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial: First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states through the Fourteenth Amendment; second, is the right to trial by jury; and third, is the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

■ In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court stated the applicable standard to be applied on the issue of waiver when an individual enters a plea of guilty:

> [A] plea of guilty entered by one fully aware of direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Id. at 755, 90 S.Ct. at 1472. Thus, only when it develops that the petitioner was not fairly apprised of the consequences of his decision to plea guilty can his plea be challenged under the Due Process Clause of the Fourteenth Amendment. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■ Put another way, the basic decision that this court must make is whether the petitioner waived his constitutional rights and whether his plea of guilty was made voluntarily with the knowledge of those rights that were being waived as mandated by Boykin, supra. The state record must

---

**9.** See Flowers' petition at 5.

show that the guilty plea was entered voluntarily and with a full understanding of what the plea connotes and of its consequences. *Kirk,* 761 F.Supp. at 80. A guilty plea that is made by one fully aware of its consequences will stand unless it was induced by threats, misrepresentations or improper promises. *Id.*

In this case, Flowers challenges the guilty plea to the charge of murder which he entered on April 16, 1986. The State of Indiana has filed the transcript of the hearing held before Judge Melichar, and the court has carefully reviewed said transcript as well as the plea agreement entered into by the State and the petitioner. According to the state court record, Flowers read and understood the written plea agreement which he signed with the state prosecutor after discussing the agreement with defense counsel. Tr. at 337. Flowers was advised that his plea must be made freely and voluntarily. Tr. at 327. Also, Flowers understood that he did not have to plea guilty and that he *could* have a trial by jury on the charges. Tr. at 328. Further, Judge Melichar informed Flowers that by pleading guilty, he was relieving the prosecutor of the responsibility to prove Flowers' guilt beyond a reasonable doubt. Tr. at 329.

Judge Melichar also informed Flowers that by pleading guilty, he was giving up his right to confront the government's witnesses, his right to have all witnesses on his behalf appear before the court and his right to a speedy trial by jury. Tr. at 328–29. Further, the judge informed Flowers that his decision to plead guilty also waived his right to testify at trial. Tr. at 329. The state court also apprised Flowers that by pleading guilty, he was waiving his right to appeal the conviction. Tr. at 330. The petitioner also was asked whether he had been induced into pleading guilty by promises or threats made against him—Flowers answered that he had not. Tr. at 339–40. Finally, Flowers admitted under oath that he intentionally killed Larry Farrell. Tr. at 342–44.

On Flowers claim that he was placed on psychotropic drugs by the state trial court, the court finds such a claim to be without merit. First, the petitioner's claim is wholly conclusory and unsupported by the record. Second, Judge Melichar specifically asked Flowers whether he was then under the influence of alcohol or any drugs which would affect his understanding of the change of plea proceedings—Flowers responded that he was not. Tr. at 328.

Based upon a review of the guilty plea hearing, the court finds that the state trial court fairly apprised the petitioner of the consequences of his decision to plea guilty. Flowers was informed of his privilege against self-incrimination and was informed that he was waiving his right to testify by pleading guilty. Further, Flowers was advised of right to a trial by jury and his right to confront government witness and waived such rights. As a result, under *Brady v. United States* and *Boykin v. Alabama, supra,* the court finds that Flowers entered his plea of guilty knowingly, voluntarily and intelligently. Thus, in light of § 2254(d), the court holds that the state court's determination that Flowers' guilty plea was properly entered did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law, and such a claim must be dismissed.

### VII. CONCLUSION

For the foregoing reasons, the court finds that the statute of limitations under 28 U.S.C. § 2244(d)(1) is inapplicable in this case. Further, the court finds that Flowers' guilty plea was entered knowingly, voluntarily and intelligently, and that all other claims raised in the habeas petition are subject to the doctrine of procedural default. Therefore, the petition is now **DENIED** and this case is hereby **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**