**Kenneth Aundre BOGAN**

v.

**Mike MOORE, et al.**

**No. CRIM.A. 3:98–CR–685BN**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 6, 1999.

Keith Aundre Bogan, Woodville, MS, Pro se.

Michael C. Moore, Office of the Attorney General, Jackson, MS, for State of Mississippi, Mike Moore, Defendants.

### *OPINION AND ORDER*

BARBOUR, District Judge.

In a Report and Recommendation dated April 13, 1999, the United States Magistrate Judge found that the petition of Kenneth Aundre Bogan for writ of habeas corpus was not timely filed for purposes of the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), which was amended by Congress in 1996. The State of Mississippi filed an objection to the Report and Recommendation. The State agrees with the

result reached by the Magistrate Judge but requests that the Court modify the rationale set forth in the Report and Recommendation.[1] The Court finds that the objection of the State is well taken and is hereby granted.

## I. PROCEDURAL HISTORY

The following chart sets forth dates regarding the procedural status of Bogan's conviction and subsequent appeals which the Court must considered in applying the AEDPA.

| | |
|---|---|
| March 29, 1991 | Conviction of Kenneth Aundre Bogan. |
| January 12, 1995 | Mississippi Supreme Court on direct appeal affirmed Bogan's conviction in *Bogan v. State,* 648 So.2d 1164 (Miss. 1995). |
| April 12, 1995 | Date on which judgment became final, which is 90 days after the decision of the Supreme Court in order to account for the period when Bogan could file a petition for certiorari to the United States Supreme Court.[2] |
| April 24, 1996 | Effective date of one year period of limitations for filing habeas petitions under Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d); one year begins to run this date for Bogan because judgment became final prior to this effective date.[3] |
| April 24, 1997 | Expiration of one-year statute of limitations under AEDPA |
| May 16, 1997 | Motion of Bogan for post-conviction relief |
| August 15, 1997 | Motion denied by state court |
| August 15, 1998 | One year after denial of Motion by state court |
| October 22, 1998 | Bogan filed petition for writ of habeas corpus |
| April 13, 1999 | Report & Recommendation by Magistrate Judge finding petition to be untimely |

1. The Court notes that the Magistrate Judge reviewed Bogan's petition *sua sponte* without notice to the State, thereby excusing the fact that the State did not raise the issue which is the subject of its objection until after the entry of the Report and Recommendation.

2. *See Flowers v. Hanks,* 941 F.Supp. 765, 770 (N.D.Ind.1996) (citing *Bell v. Maryland,* 378 U.S. 226, 232, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964)); *but see United States v. Flores,* 135 F.3d 1000, 1006 n. 20 (5th Cir.1998) ("It is unclear whether this date [when judgment becomes final under the AEDPA] should be

construed as the date that judgment issues from the highest court to hear the case, or whether it should be interpreted as the expiration of the time for seeking any further review").

3. All convictions prior to April 24, 1996, are to be considered final for the purpose of calculating the statute of limitations under the AEDPA. *Calderon v. U.S. Dist. Court for Central District of Calif.,* 112 F.3d 386, 389 (9th Cir.1997); *Reyes v. Keane,* 90 F.3d 676, 679 (2nd Cir.1996).

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure states that the ruling of a Magistrate Judge is reviewed under a deferential standard, requiring that the order be upheld unless it is clearly erroneous or contrary to law. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). There is no dispute as to the conclusion of the Report and Recommendation that Bogan's petition for writ of habeas corpus was untimely. The question before the Court focuses instead on the reason why the petition was untimely.

The issue before the Court is whether the Report and Recommendation was clearly erroneous in its method of calculating the applicable statute of limitations for filing of habeas corpus claims under the AEDPA, which provides, in pertinent part, as follows:

(1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discov-

ered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. DISCUSSION

The Report and Recommendation interpreted the AEDPA in the manner most favorable to Bogan and considered the one year statute of limitations to be tolled from May 16, 1996, until August 15, 1997, when the state court denied Bogan's petition for post-conviction relief. The Magistrate Judge then concluded that the statute of limitations expired as to Bogan on August 15, 1998, which was 67 days before Bogan actually filed his petition.

In contrast, the State argues that the one year statute of limitations for Bogan began to run on the April 24, 1996, the effective date of the AEDPA, because his conviction became final before the effective date of the AEDPA. The State argues that the statute of limitations was not tolled by the fact that Bogan later filed for post-conviction relief, and concludes that the appropriate deadline for Petitioner to file was April 24, 1997, one year after the effective date of the AEDPA, which was 546 days before Bogan filed his petition.

■ The Court finds that an application for post-conviction relief from a judgment of conviction which became final before April 24, 1996, the effective date of the AEDPA, does not toll the one-year statute of limitations under the AEDPA unless the application was filed on or before April 24, 1997. *See* 28 U.S.C. § 2244(d)(1)(A). Here, Bogan did not file his application until May 16, 1997.

■ The Report and Recommendation determined that the one year period was retroactively tolled by Bogan's filing of a

## 600

motion for post-conviction relief on May 16, 1997. The Court concludes that Report and Recommendation was clearly erroneous in this method of calculating the statute of limitations as it applies to Bogan. Once the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief.

Under Mississippi law, a defendant has three years after conviction to file a motion for post-conviction relief. Miss.Code Ann. § 99–39–5(2). The practical effect of the AEDPA is that a petitioner who wants to file a petition for writ of habeas corpus must file his motion for post-conviction relief within one year of conviction, if he wants to preserve the possibility of later filing a petition for writ of habeas corpus. This rule applies to all final judgments, whether or not they predate the effective date of the AEDPA, as in Bogan's case.

### IV.  CONCLUSION

For the reasons set forth in this Opinion:

IT IS THEREFORE ORDERED that the Petition of Bogan for Writ of Habeas Corpus should be dismissed with prejudice for failure to comply with the one year statute of limitations under 28 U.S.C. § 2244(d).

A final judgment consistent with this Opinion shall be entered this day.