MAY, Judge,
dissenting.
[25] When a petitioner appeals the denial of a petition for post-conviction relief, which is a negative judgment, we may-reverse only if that petitioner demonstrates “the evidence as a whole leads unerringly and .unmistakably to, a conclusion opposite that reached.by the post-conviction court.” Hollowell v. State, 19 N.E.3d 263, 269 (Ind.2014). I do not believe Woods has met that burden and, accordingly, I dissent.
[26] -Regarding whether Zook’s performance was deficient, the majority holds: “Because the undisputed evidence shows that Zook did not communicate the June 23, 2003, offer to Woods, his performance was deficient.” Slip op. at ¶ 15. However, Zook is deceased and Maciejczyk has no memory of the plea negotiation process. Thus, even presuming there was a valid plea offer for. Class B Felony robbery,[11] the only evidence that Zook did not communicate such offer to Woods came from the testimony of Woods himself. The post-conviction court was not required to believe Woods’ testimony about that fact, even if his testimony was “undisputed.” See Thompson v. State, 804 N.E.2d 1146, 1149 (Ind.2004) (“As a general rule, factfin-ders aré not required to believe a witness’s testimony even when it is uncontradict-ed.”); see also Popplewell v. State, 428 N.E.2d 15, 16 (Ind.1981) (“court was not obligated to believe Defendant’s self serving testimony”). Nor are we permitted to find Woods’ testimony credible and of sufficient weight to justify reversing the post-conviction court. See Walker v. State, 988 N.E.2d 1181, 1185 (Ind.Ct.App.2013) (“we neither reweigh evidence nor judge witness credibility”), trans. denied.
[27] Woods had the heavy burden of overcoming the “strong presumption that counsel rendered adequate service.” Bethea v. State, 983 N.E.2d 1134, 1139 (Ind.2013). Because I do not believe, based on the record before us, that our standard of review permits us to overturn the post-conviction court’s decision, I would affirm it.

. The majority also holds "there can be no dispute that the State offered Woods' attorney a plea deal'for Woods to plead guilty to a lesser charge, and the trial court’s findings and conclusion to the contrary are clear error.” Slip op. at ¶ 15. However, the majority does not acknowledge Williams' admission that he "can’t definitively say” whether the hand-written modification of paragraph 1 of the plea offer in Exhibit 6 from Class B Felony to Class A felony was made by Zook during negotiations or by Maciejczyk before Zook received it. (Tr. at 167.) As, Woods did not call Maciejczyk to clarify this fact, 1 would not second-guess the inferences drawn by the post-conviction court. See Walker v. State, 988 N.E.2d 1181, 1185 (Ind.Ct.App.2013) ("we consider only the evidence and reasonable inferences most favorable to the judgment"), trans. denied.